[Meeker et al. *v.* Jackson.]

## Samuel Meeker and William Cochran *against* Samuel Jackson.

There may be a recovery against the acceptor on a bill of exchange lost or mislaid. The existence of the bill being once established, the plaintiff may prove the loss of it by his own oath.

SUIT against the defendant as acceptor of a bill of exchange, drawn on him by Daniel Smith, for 165 dollars, payable at 60 days sight, to David Deaderick or order, and by him indorsed to the plaintiffs. The bill was said to be accepted on the 30th April 1795, and to have been since lost or mislaid.

It was proved by the plaintiffs' clerk, that in April 1795, he entered this bill in their waste book, and transferred it to their bill book and numbered it; that it was indorsed by Deaderick, *but he knew not whether it was accepted. The letter book of the plaintiffs was shewn, whereby it appeared, [*443 that the 8th March 1798, they had wrote to the defendant, and urged the payment of the bill, but mentioned their loss of it. To this he returned an answer dated the 16th of the same month, asserting that he had paid the greater part of the bill to David Allison, under a letter of attorney, but promised to pay them the balance due.

Meeker, one of the plaintiffs, was offered to be sworn, to prove the loss of the bill, and the court allowed it, saying, the existence of the bill having been proved, he was a witness to the single point of its loss, from the necessity of the case, and so had been the adjudications.

Mr. Hallowel for the defendant, observed, that if the bill had been produced, the hands writing of the payee and acceptor should be proved on the trial.

The court said, these were facts whereon the jury must judge. The former had been proved, and the latter might be inferred from the defendants' letter. But the plaintiffs must indemnify the defendant against the bill.

The jury gave a verdict *pro quer.* for $240 14 cents, without leaving the bar.

Mr. Hare, *pro quer.* cited Finch's Rep. 301. Marius 42.

Referred to and criticised in 8 S. & R. 332, where the court says that *Meeker* v. *Jackson* was decided at a time when the reconciling of common law forms to chancery principles was, perhaps, not perfectly well understood.

Cited in 50 Pa. 280 to show that a party may prove the loss of a paper and testify respecting matters which are only auxiliary to the trial.