The opinion of the Court was delivered by
Gibson J.
The plaintiff would not be a competent witness to prove the loss of the ticket, without having shewn by other evidence, that it had actually been in his possession; but that might, I think, be fairly inferred from evidence of his having purchased it, because in the usual course of such transactions, the ticket goes directly into the hands of the purchaser; and the proper course therefore would have been to admit the evidence of the loss, directing the jury to disregard it, unless they were satisfied by evidence, aliunde, that actual possession of the ticket had been obtained. I think there was evidence of the purchase, to go the jury. Susan-nah Etter proved, that the plaintiff had purchased four tickets in this lottery, about two years before the drawing; and this, with the evidence of Jacob Shaejfer, who proved, *331 that the entries (or at least some of them) in the margin of the book from which the tickets were cut, were in the handwriting of Abraham Etter, who, at the time of his death, was acting as an agent for the managers, might have satisfied the jury of the fact of the purchase ; and from that, a satisfactory inference would have arisen, that the tickets had gone immediately into the plaintiff’s hands.
I am at a loss to discover any thing like a reason for rejecting the admission of Woljley, (one of the defendants) that the plaintiff was the owner of the ticket on which the suit is brought.
The charge, however, was right. There never was a time, when a recovery might not be had in a Court of common law, on an unsealed security which was proved to be destroyed. The case of a bond did not depend on the difference between loss and destruction, but on the necessity that once existed, of making a profert of the instrument, to enable the defendant to have oyer of it; and as this could not be done at law, where the bond was either lost or destroyed, the Chancellor was forced to assume jurisdiction, to prevent an absolute failure of justice, and the exercise of this equitable jurisdiction is still continued, notwithstanding the removal of the cause which gave rise to it, by the common law Courts allowing the loss or destruction to be pleaded as an available excuse for the want of the profert. But in the case of a note, bill, check, or other simple contract security, oyer cannot be demanded, and you may therefore recover by proving the contents. With respect to a negotiable security, however, which passes by mere delivery, and which is not destroyed but lost, the remedy is always in Chancery, on terms of giving security against the defendant’s eventual liability; “ because,” as Lord Hardwicke observes, in Walmsley v. Child, 1 Ves. 345, (where the law on the subject is fully and fairly stated,) “ in an action at law, the plaintiff might offer, but a defendant could not be compelled to take; but, in equity, that would be a* consideration, whether they, (the terms) are reasonable.” Now in the case before us, the fruits of the ticket were payable to the bearer ; and the defendants could not resist pa) ment of it in the hands of a bona fide holder for valuable consideration, even though it should originally have been stolen. It was therefore within the *332 reason of the rule requiring security; and this is not denied. But it is contended, on the authority of Meeker v. Jackson, 3 Yeates, 442, that the security need not be tendered before suit brought. That case appears, from the report, to have been decided without argument as to this point; and at a time, when the reconciling of common law forms to chancery principles (which we are unfortunately sometimes obliged to attempt) was, perhaps, not perfectly well understood. Where the plaintiff has a title to recover at law, and the defendant has an equitable claim which ought to be first satisfied, it has been held, that a tender at the time of the trial is sufficient; or perhaps the jury might find a conditional verdict: but Where the,action is in the place of a bill in chancery, and the plaintiff’s title is incomplete in equity, the rule is different. By the express terms of the ticket, whatever prize should be drawn opposite to its number, was to be payable only to the bearer; which, by necessary implication, would require the production of the ticket itself j or as,an equivalent, in case of its loss, security against damage from payment being made without having it delivered up. Tender of indemnity, therefore, was a substantial part of the plaintiff’s title, and no right of action would accrue, till it were made; the sufficiency of the security, being a matter to be judged of at the trial. A chancellor, having a discretionary power over the costs, even so far as to fix them on the successful, party, may dispense with a tender before bill filed, because complete justice may be done by prescribing it at any time, as the terms of relief: but in a Court proceeding to administer equity according to the forms of the common law, costs being an incident of every judgment, with respect to which the Statute of Gloucester has not been restrained by subsequent enactment, a plaintiff suing without a previous tender, presents the ordinary case of a suit brought before the cause of action is complete. The result of the whole is this: a complete title either at law or in equity, is, in our Courts, sufficient ground for the inception of a suit; but with any thing less than a title at the,time of bringing suit, the plaintiff must fail.
Judgment reversed, and a venire facias de now. awarded.