PaekeR C. J.
delivered the opinion of the Court to the following effect. The first question is, whether there was such proof of the loss of the deed as to authorize the admission of parol evidence to prove its contents. In some cases the proof may be very satisfactory that a deed is lost, as where it has been burnt ; in others the evidence may be very uncertain, as where it only appears that the party cannot find the deed. In this latter class the rule that the party shall make affidavit, though not practised upon with us, seems to be proper enough;[1] for it is not admitting him to testify in his own *287 cause, but only admitting him to the privilege of using other evidence. If then this were a case of a deed being merely mislaid, perhaps we should require the demandants’ affidavit. The testimony however of Mrs. Howard shows a surreptitious taking of the deed. The jury have found that it came into the hands of Alden Spooner wrongfully. If the action were against him, the demandants would recover by showing that fact, without any further evidence ; and it is found that the tenant knew of the first conveyance before he purchased. This exhibits a different case from one in which the deed is supposed to be lost. The tenant knowing that the deed to Walter Spooner existed, he stands in the same situation with his grantor, and must be presumed to know how the deed came into his hands. This then is a case which precludes the necessity of going to the register of deeds and getting his certificate that the deed was not in his office, or of making affidavit; and it would be a mockery of justice to require the party, who is injured by a fraudulent transaction, to call the fraudulent person to testify.
As to the declarations of Alden, what he said at the time of taking the deed out of the desk was a part of the res gestee ;[1] his other declarations, considering that the tenant knew of the conveyance to Walter, were admissible within the principle of Bridge v. Eggleston.[2]

Judgment according to the verdict.

 A party to a suit may be a competent witness to prove the loss of a deed or record, for the purpose of letting in secondary evidence ; hut not to prove the contents of the deed or record. Adams v. Leland, 7 Pick. 62; Taunton Bank v. Richardson, 5 Pick. 436; Hewes v. Wiswell, 8 Greenl. 94; Jackson v. Frier, 16 Johns. R. 193; Chamberlain v. Gorham, 20 Johns. R. 144; Meeker v. Jackson, 3 Yeates, 442; Seekright v. Wright, 1 Haywood, 178; Garland v. Goodloe, 2 Haywood, 351; Tayloe v. Riggs, 1 Peters, 591; Blade v. Noland, *287 12 Wendell, 175. But see Coleman v. Wolcott, 4 Day, 388; Cotton v. Beasley, 1 Carol. Law Repos. 239; Wright v. Jacobs, 1 Aiken, 304.

 1 Stark. Evid. (5th Amer. ed.) 62 et seq.; Roscoe’s Dig. Crim. Evid. 20 to 23; Little v. Libby, 2 Greenl. 242; Kimball v. Morrell, 4 Greenl. 368; Gorham v. Canton, 5 Greenl. 266; State v. Powell, 2 Halsted, 244; Bennet v. Hethington, 16 Serg. & Rawle, 193; Sewall v. Sewall, 8 Greenl. 194.

 Foster v. Hall, 12 Pick. 99, 100. See Cook v. Swan, 5 Connect. R. 144; Reichart v. Castator, 5 Binney, 109; 1 Stark. Evid. (5th Amer. ed.) 302, a. (1).