# THE SUPREME COURT

OF

# PENNSYLVANIA.

———◆———

MIDDLE DISTRICT, JUNE TERM, 1829.

———◆———

[SUNBURY, JUNE 15, 1829.]

## INNIS and others *against* CAMPBELL and others.

### APPEAL.

An undisturbed possession of twenty-four years before bringing the action, is sufficient to enable the plaintiff to recover in an ejectment.

The lapse of twenty-four years, though without proof of inquiry, or other circumstances, is sufficient to warrant the presumption of death of a person of whom nothing has been heard for that length of time.

Not having been heard of for seven years, is sufficient to rebut the presumption of life.

An ejectment may be commenced on a strict, legal title, and the plaintiff may rebut a countervailing equity, set up by the defendant, on the trial.

If incumbrances exist, they may be valued and allowed for by the jury.

APPEAL from the Circuit Court, held by GIBSON, C. J., in *Mifflin* county.

The original action was an ejectment in the Court of Common Pleas of *Mifflin* county for a tract of land in *Lark* township, containing two hundred and five acres, or thereabouts, brought by *Alexander Innis* and *Rebecca*, his wife, and *James M'Kennan* and *Margery*, his wife, against *John Campbell* and *David W. Huling*.

The evidence given on the trial was long, and somewhat complicated. It is sufficient, in order to understand the decision of the court, to state, that the plaintiffs asserted a legal title to the premises, founded partly on a chain of conveyances, and partly on an undisturbed possession of twenty-four years before the action was brought, and of twenty-nine years before the trial. One link in

(Innis and others *v.* Campbell and others.)

the chain of title was a deed, dated *August* 15th, 1805, from *Andrew Wallace* and *Eleanor,* his wife, to *James Wallace;* the execution of which was certified by the President of the court for the first circuit, *Warren* county, in the state of *Ohio,* to have been proved before him by the oaths of the two subscribing witnesses. The certificate was signed by the judge, and a scroll for a seal was annexed.

On the 7th of *January,* 1814, articles of agreement, under seal, were executed between *Thomas Jackson* under whom the plaintiffs claimed, and *John Cummin,* by which the former " bargained and sold". to the latter the land in question, at twenty dollars per acre; the said *Cummin* to take the land at what the draft calls for, and to pay one half of the whole amount of the land on the 1st of *April* following, and to give bond with good security for the payment of the balance, to be paid annually in instalments of four hundred dollars each. The vendor to deliver to the vendee " a clear patent on the 1st day of *April,* 1815;" on which day the first payment of four hundred dollars was to be made. The first payment was punctually made; the subsequent instalments were not paid, nor tendered, nor were any bonds tendered.

The jury found a verdict for the plaintiffs, to be released on payment of two thousand five hundred and sixty-nine dollars and seventy cents, the full amount of the balance of purchase money and interest.

A motion for a new trial was made on the part of the defendants, and several points made. The motion was overruled, and the defendants appealed to the Supreme Court; where the cause was argued by *Potter* and *Hale,* for the appellants, and by *Blythe* and *Blanchard,* for the appellees.

The opinion of the court was delivered by

GIBSON, C. J.—My remarks shall be confined to the only part of the case that affords a pretext for an argument. An exception to the admission of *Andrew Wallace's* deed, was in fact not taken; but, as it was omitted in consequence of a suggestion of the judge, that the defendant would have the benefit of his objection in another way, he ought to have the benefit of it here. The execution of this deed was not proved, and it was undoubtedly inadmissible. But an undisturbed adverse possession of twenty-nine years preceding the trial, and twenty-four preceding the action, was shown to have been in the grantee, or those claiming under him; and thus, independent of the deed, the plaintiffs had made out a legal title in themselves, and the error in admitting incompetent evidence of what was fully proved by unexceptionable evidence afterwards, became immaterial. Even on a writ of error, where there is no discretion, the admission of incompetent evidence, is not a ground of reversal where the fact has been conclusively proved by competent evidence. *Wolverton* v. *The Commonwealth,* 7 *Serg. & Rawle,*

(Innis and others *v.* Campbell and others.)

273. *Preston* v. *Harvey*, 2 *Hen.* & *Munf.* 64. And we ought, *a fortiori*, to disregard an error, in this respect, on a motion which involves the exercise of discretion, where there is unexceptionable evidence to warrant the verdict.

It is objected, that notwithstanding the effect of the statute of limitation, the want of a conveyance from *Wallace* and his wife, left the defendant exposed to a demand of her dower, which ought to have been compensated by deducting from the purchase money a sum equal to the value of the risk. 'Mrs. *Wallace*, if living, would undoubtedly have at least an incipient right of dower; and of her death, there was no other evidence than mere lapse of time. A person, proved to have been alive at a particular time, is presumed to be so still; and the *onus* of proof is on him who alleges the contrary. But in addition to lapse of time, proof that he has not been heard of for seven years, is sufficient to rebut the presumption of life; and, was it shown that Mrs. *Wallace* had not been heard of for that period, there would clearly be sufficient to warrant a presumption of her death. 2 *Stark. Ev.* 458. But the question is, whether, the lapse of twenty-four years, without proof of inquiry, or other circumstance, be not of itself, sufficient to warrant such a presumption; and, although I know of no authority in point, I am of opinion that it is. No witness spoke of her age at the execution of the deed, (the period at which we have any account of her,) but under the most favourable circumstances, the chances are unfavourable to the presumption of her having been alive at the time of the trial. If living, she must have attained an age considerably in advance of the average term of human existence. It is said, that rather less than twenty years should be computed, because it is necessary to the plaintiffs' case, that Mrs. *Wallace* should have been dead at the commencement of the action. But the cause of action did not depend on the absence of encumbrances. It has been erroneously said, that this is an equitable ejectment for a specific performance of the contract of sale. Exactly the reverse. It is founded on a legal title which has not been conveyed; and it is consequently in disaffirmance of the sale. The consequence intended to be produced is, no doubt, payment of the purchase money; but that is neither a direct, necessary, nor a natural effect of a recovery. Such ejectments are frequently maintained even in *England*, where there is no defence at law; the defendant being relievable only in equity on proof of having paid the purchase money, or done all that he safely could to entitle him to a conveyance; and even there, the chancellor will let the law take its course if there be no encumbrance at the hearing. *Cassell* v. *Cooke*, 8 *Serg.* & *Rawle*, 268, was altogether a different case. There, the performance of the plaintiff's covenant to make an unexceptionable title, was a condition precedent to the institution of an action at law; and it is clear, that there must be a perfect cause of action either in equity or at law at the inception of the suit. *Snider* v. *Wolfley*, 8 *Serg.* & *Rawle*, 328. But an action

(Innis and others *v.* Campbell and others.)

may always be commenced on a complete legal title, it being sufficient to obviate a countervailing equity at the trial. *Lessee of Moody* v. *Vandyke*, 4 *Binn.* 31. A discretionary power over the costs would, in some cases, be necessary to enable us to maintain the suit, and yet do justice to a defendant who has been vexed by a suit at law, to which, at its inception, he had an available defence in equity. But here there can be no hardship on that ground, as the defendant would be entitled only to have the encumbrance valued and deducted from the purchase money; so that the vendor, in any event, would be entitled to costs, as regards the residue. It is sufficient, therefore, that there was evidence of an extinguishment at the trial; and substantial justice having been done by the verdict, I am of opinion, that the judgment of the Circuit Court be affirmed.

SMITH, J. concurred; TOD, J. dissenting, and ROGERS, J. and HUSTON, J. not having heard the argument, taking no part in the decision.

Judgment affirmed.