Per Curiam.

The mere absence of a person for the space of seven years, without being heard from, furnishes ground for presuming him to he dead ; but an absence for a shorter period *527 is not sufficient to raise that presumption.* [1] The death of Chandler, therefore, cannot be presumed to have taken place before the note was given, as he had then been absent less than nineteen months. The burden was upon the defendant to prove that he was dead at that time.
It is said, however, that if the presumption of Chandler’s death cannot arise until after the lapse of seven years, the plaintiff had no right to sue as his administrator. But in this point of view the fact of thoe death does not stand on a presumption, but on an adjudication of the probate court. • That court could not grant administration without being satisfied that Chandler was dead, and so long as the letters of administration stand unrecalled, they are evidence of the death. There might be a question as to the effect which would be produced upon the action by his returning alive, but that point it is not necessary to consider. The letters of administration are conclusive proof of his death, as the case stands.[2] If the defendant intended to contest that fact, he should have filed a plea in abatement.

Defendant defaulted.

 See Spurr v. Trimble, 1 Marshall, (Ken.) 278; Hall v. Commonwealth, Hardin, 479; Innis v. Campbell, 1 Rawle, 373 ; Woods v. Woods, 2 Bay, 476; Wambough v. Schank, Pennington, 229; M'Comb v. Wright, 5 Johns. Ch. R. 263; Doe v. Nepean, 5 Barn. & Adolph. 86; Battin v. Bigelow, Peters’s Circ. C. R. 452; Roscoe’s Crim. Ev. 19, 20.

 Seel Phil Ev. (Cowen & Hill’s ed.) 343, 344; Moors v. De Bernales, 1 Russell, 300, 306, 307.