## Magaw *against* Lothrop.

A contract for the purchase and sale of land which provides that a clause of general warranty shall be inserted in the deed which the vendor shall finally make to the vendee; that the purchase money shall be paid in four annual instalments at specified times; and without specifying any time at which the deed is to be made, shall be thus construed:—that the vendor is to convey a good and sufficient title free from all reasonable doubt, and clear of encumbrances; that the deed is to be made on or before the payment of the last instalment; that the vendor may sue for the first three instalments as they become due, but not for the last, without the tender of such a conveyance as the contract provides for.

Under such contract, the payment of the last instalment and the tender of a deed become simultaneous and dependent acts, and neither party could sue the other without averring and proving a performance of or offer to perform his part of the agreement, unless discharged by the acts of the other: and if the vendor sue for the purchase money, he must show that he tendered a good title before suit brought; if he perfect his title after suit brought, he cannot recover.

Whether a contract for the sale of land was rescinded by the vendee, is a matter of fact which can only be determined by the jury.

When a contract between a vendor and vendee stipulates for the payment of interest upon the instalments of the purchase money, the vendee is bound to pay according to his contract, unless he can show that it was the fault of the vendor that he did not pay.                                                 ..

ERROR to the District Court of *Allegheny* county.

Sylvanus Lothrop against William A. V. Magaw. This was an action of covenant upon the following agreement between the parties:—

" Agreement made this 13th day of July 1835, between Sylvanus Lothrop of the one part, and W. A. V. Magaw of the other part.

" Sylvanus Lothrop sells to the said W. A. V. Magaw, his heirs and assigns, a lot of ground, supposed to contain about two acres and a half, being the same premises described in a certain article of agreement between William Stewart and John M'Kee, dated 14th of October 1833, and recorded in Book S, p. 527, and which the said William Stewart conveyed to Sylvanus Lothrop on 21st of December 1833. A clause of general warranty is to be inserted in the deed, which said Lothrop shall finally make to said Magaw. W. A. V. Magaw agrees to pay to the said Sylvanus Lothrop, for the premises, the sum of $10,000, as follows:—viz. $2500 on 1st of April 1836, with interest from this date on the whole of the purchase money ($10,000), and the balance in four equal annual payments, from the said 1st of April 1836, with interest payable annually from that date, on whatever purchase money may remain due. Witness the hands and seals of the parties, the day and year above written."

[Magaw v. Lothrop.]

The defendant had paid $2500 on this contract.

The defendant pleaded payment, covenants performed *absque hoc*, and specially "that the plaintiff did not deliver the possession to the defendant in manner and form, &c.;" and to so much of the plaintiff's declaration as alleged a tender of a deed, that the plaintiff did not tender a good and sufficient title for said lot, conveying the same in fee-simple with clause of general warranty.

The plaintiff, after giving in evidence the agreement, exhibited the original title papers of the property sold, which it was proved were tendered to the defendant before suit brought. It was also proved that after the date of the agreement the lot was taxed in the name of the defendant, and that he paid the taxes and occupied the lot part of the time for a board-yard.

The defence was, that the title tendered by the plaintiff was defective, and it did clearly appear, that when the tender was made, the title was defective, inasmuch as there was an outstanding right of dower in a very small interest on the property; but that it was made perfect before the cause was tried. The defendant also called a witness to prove that he made a tender of the purchase money, and this for the purpose of establishing his right to rescind the contract, which he contended he did; and at all events to relieve him from the payment of interest. The witness on that subject testified as follows :—

"On the 1st day of October 1840, I was present, at the request of Wm. A. V. Magaw, when a conversation was had between him and Sylvanus Lothrop, Wm. Eichbaum and D. C. Stockton, the two latter being assignees or trustees of Sylvanus Lothrop, relative to a piece of property in Bayardstown, which the said Magaw two years since purchased of said Lothrop. On the occasion referred to, Mr Magaw tendered to S. Lothrop, W. Eichbaum, D. C. Stockton, Lyon, Shorb & Co. and S. Gormley's checks on banks in Pittsburgh, for $10,000, and demanded of them a deed to said property in Bayardstown, which they declined giving him, on account of inability to make a sufficient title; they, however, were willing to accept the tender of the checks as legal, or rather waived the formality of his (Mr Magaw's) bringing specie to make the tender, but considered the checks as sufficient. Mr Magaw then demanded the refunding of the money paid by him, on account of the purchase, which Mr Lothrop declined doing, on account of present inability to comply. He, however, expressed his willingness to give him real property of any kind he had at a fair valuation, in lieu of the amount he had received already on the purchase of the Bayardstown property."

SHALER, President.—The circumstances in this case raise three principal questions : 1. Whether the title, as it now stands, and which the plaintiff can now tender, is defective ? 2. Whether the offer to pay the purchase money on the 1st of October 1840, before

[Magaw v. Lothrop.]

the plaintiff had it in his power to complete the title, is equivalent
to a performance, and absolves the defendant from his contract?
And 3. Whether the plaintiff, having resorted to his action of
covenant whilst there was acknowledged encumbrance, the title
to dower of James's widow, can recover, although that title has
been extinguished before trial.

His Honour here examined the title, and instructed the jury
that it was perfect at the time of the trial, and then proceeded as
follows:—

Then, as in the second general matter, I state to you, that after
the tender made and demand of title, I think equity would allow
the vendor a reasonable time to perfect his title and to offer it to
the vendee, and that, therefore, that offer, connected with the cir-
cumstances that have been heretofore adverted to, cannot be con-
sidered in the case as equivalent to performance, and will not
absolve the defendant from the contract. I infer that there was
no recision of the contract by the defendant: there was no offer
to redeliver possession; there appears to have been negotiations
upon the subject of the title subsisting after the 1st of October
1840; the title papers were given to the defendant to examine
after the tender of the money: he took them for that purpose, and
whether he pointed out defects of title afterwards does not appear.
I do not think he can, in this stage of the proceedings, allege a
recision of his contract, after having permitted the plaintiff to go
on for all that appears without objection in endeavouring to com-
plete a title, and involving himself in expenses for the purpose.
The plaintiff appears to have brought his action whilst there was
an outstanding encumbrance of dower, which he was bound to
extinguish. He has since extinguished it and perfected his title.
Can he sustain the action of covenant? This I deem a new ques-
tion. I shall decide it in favour of the plaintiff, in order that all
the questions, some of them very important, may be decided in
the case. I think the pleadings and the evidence under them
convert this action into a new proceeding in equity, and the ques-
tions that arise, involve the right of the plaintiff to enforce a spe-
cific performance of the contract. I take it, if the vendor at the
time of the decree prayed for has a title which the vendee is bound
to take, that it cannot be alleged that such title accrued after the
commencement of the proceedings. I should say, then, although
with very great hesitation, that the plaintiff may in this case
recover, although he had not extinguished the encumbrances of
dower before commencing his action. I am strongly disposed to
think that, after the tender of the purchase money, the plaintiff
was bound to tender an unencumbered title before bringing this
action; but as the title is now perfected, I have already said, and
repeat, that the completing the title after suit brought entitles the
party to recover.

Upon the whole case, I charge you that the title exhibited by

[Magaw v. Lothrop.]

the plaintiff is sufficient; that there is no defect or encumbrance connected with it, that furnishes a sufficient ground to the defendant, either in equity or law, for refusing to perform his contract, or pay the money covenanted to be paid, and that he is entitled to your verdict for principal and interest, reserving for you the question, as to interest from the 1st of October 1840, until the time of bringing the suit, and that in rendering your verdict, you may order that the deed of Lothrop and his assignee be filed by the plaintiff, before taking out his execution; and as the title was not completed before suit brought, the plaintiff shall have a verdict without costs.

To this opinion, the defendant excepted.

*Dunlop* and *Biddle,* for plaintiff in error.   A plaintiff who files his bill in Chancery for a specific performance of the covenant, must show a complete title in himself at the time of the decree; for this court has complete control, not only over the amount to be recovered, the time of recovering it, but the costs of the proceeding.   Not so with regard to a court of law which has no control over the costs of the suit but such as is given to it by statute. When the plaintiff then seeks specific performance against a defendant in an action at law, he must be able to show that he was in no default, but had performed all his contract at the time his suit was brought; and whether he seeks such a recovery in a court of law or Chancery, the defendant is not bound to accept a doubtful or suspicious title; but if he goes for damages only, then he may recover an amount measured by the circumstances of the case.   2 *Watts* 178; *Chitt. Gen. Prac.* 842; 2 *Sto. Eq.* 45, 89; 20 *Johns.* 132; 4 *Russ.* 374; 3 *En. Con. Chan.* 713; 7 *Bing.* 379. That the title must be good in the vendor before suit brought, they cited 11 *Serg. & Rawle* 246; 8 *Serg. & Rawle* 263; 8 *Watts* 368; 3 *Rawle* 400; 4 *Taunt.* 334; 16 *Serg. & Rawle* 198; 4 *Watts* 472; 17 *Serg. & Rawle* 73; 5 *Watts* 422.   The question of interest is for the jury.   16 *Serg. & Rawle* 57, 266; 6 *Watts* 162, 207.   So also is the question with regard to the recision of the contract. 5 *Watts* 525; 3 *Whart.* 370; but both these questions the court treated as matter of law, and gave a binding opinion to the jury. A vendee, on discovering encumbrances or defects of title, may insist upon a recision of the contract.   2 *Watts* 257; 3 *Watts* 368.

*Foster, contra.*   This covenant of the vendee to pay the purchase money is independent; particular days are fixed for payment, and the clear construction of the contract is that the title is not to be made until after the money is paid; and the presumption is the defendant relied upon his covenant for his title.   *Platt on Cov.* 95, 96; 1 *Ld. Raym.* 665; 1 *Saund.* 320, *a* note 4; 6 *Term Rep.* 572; 10 *Johns.* 204; *Doug.* 489; *Willes* 496; 8 *Term Rep.* 371.   The averment that a good title was tendered was unnecessary, and

[Magaw v. Lothrop.]

was not essential to the plaintiff's right to recover. 1 *Gall.* 45; 11 *Wheat.* 171; 3 *Cranch* 209; 6 *Com. Dig.* 76. The defendant's plea, therefore, on this subject, was not material, and need not be traversed. 2 *Saund.* 207, note 24; *Ib.* 175, n. 1; *Com. Dig.* "*Pleader*" 2. In this case, covenant is the proper remedy, and the balance of purchase money is the true measure of damages. *Platt on Cov.* 40; 2 *Watts & Serg.* 480. It is only when an essential part of the contract fails that one party may dissolve it. 5 *Binn.* 363; 7 *Watts* 142; *Chitt. on Con.* 188, 275. But equity will execute the contract, although the vendor has not strictly performed the whole of the covenants on his part. *Platt on Cov.* 557. Whenever a vendee goes into possession, the principles of equity require that he should pay interest. 6 *Binn.* 437; 6 *Watts* 207; *Sug. on Sales* 69 (3 *Law Lib.*); 2 *Watts & Serg.* 371.

The opinion of the Court was delivered by

SERGEANT, J.—Though in the decision of this case some general principles are involved of considerable importance, yet there are peculiar circumstances in the contract between the parties which must not be lost sight of, and which I shall in the first place advert to. By this contract, dated the 13th of July 1835, no particular time is mentioned at which the deed is to be made. The vendor agrees to sell a certain described property, and the vendee agrees to pay by instalments, the last of which is to fall due on the 1st of April 1840. All that is said concerning a deed is contained in a single clause in the middle of the instrument, which provides that a clause of general warranty shall be inserted in the deed which the vendor shall *finally* make to the vendee. In construing such a contract by its face, it appears reasonable to say that the vendor is to give a conveyance of a good and sufficient marketable title, such as shall be free from all reasonable doubt, and clear of encumbrances; that the deed is to be made on or before the payment of the last instalment; and that although the vendor might, without tendering any deed, have sued for the three first instalments as they became due, yet he could not sue for the last without such tender. As the matter has been left till after all these instalments became due, their payment and the tender of a deed became, on the 1st of April 1840, simultaneous and dependent acts, and neither party could sue the other without averring and proving a performance of or offer to perform his part of the agreement, unless discharged by the acts of the other.

In relation to the subject of interest, which has been argued, it may be sufficient to say, that this is not exactly one of that class of cases in which the question arises how far and in what cases the purchaser ought in equity to pay interest on the purchase money from having possession or other circumstances. The time when the instalments were to be paid was fixed by the agreement, and from that time the vendee was positively bound by his contract and the general principles of law to pay interest. He could

[Magaw v. Lothrop.]

only be relieved from it by showing that it was the fault of the vendor that he did not pay; a defence which goes to both principal and interest, which indeed are here on the same footing. If the defendant tendered the money, and it was refused, from that time he might be excusable from paying interest, and of that he has had the benefit. For all but that, the subject of interest is involved in the general question whether the plaintiff had placed himself in a position to recover.

It would seem, that where one person contracts to convey to another a good and sufficient title for a tract of land, on the payment of the purchase money by the vendee, the vendor cannot, as a general rule, bring an action against the vendee for the recovery of the purchase money, till he is able to convey, and has tendered a deed of conveyance of such good and sufficient title, free from all defects, and clear of all encumbrances which are a charge upon the land, unless where such defects or encumbrances were known to the vendee at the time of the contract, and he is considered as taking the property subject to them. It is true that an action for the purchase money being in affirmance of the contract, and seeking a specific performance of it, is analogous to a bill in equity for that purpose, and that for want of Courts of Chancery, we are obliged in our practice to adopt Chancery principles and Chancery remedies, in many instances in which such a course is refused by courts of common law in places where there is a Court of Chancery. It is also true that a Court of Equity allows a bill to be filed by the vendor before he is in a situation to convey, holding it sufficient if he can make himself so by the time of the decree. But a Court of Chancery, by its absolute control over the costs, and by having it in its power to impose terms and enforce orders, adapted to every variety of aspect the cause may assume, may do complete justice where it would be beyond the power of a court of common law to do so. An action in a court like ours, therefore, must be founded on a good cause of action subsisting at the time the suit is brought. I know no case in which it has been held that a plaintiff can, in a suit at law on articles of agreement, cite the defendant to answer a complaint where the defendant at the institution of the suit is in no default, although the plaintiff may by the time of the trial put himself in the condition of one having a complete right of action, unless it be where the plaintiff has the legal title, and is permitted to rebut a countervailing equity by showing payments made or things done after the commencement of the suit. *Snyder* v. *Wolfley,* (8 *Serg. & Rawle* 332); and *Huber* v. *Burke,* (11 *Serg. & Rawle* 246), seems to me to be express on the point, and have been followed by other cases. *Gore* v. *Kinney,* (10 *Watts* 139.)

If, however, a defendant has waived the performance of this obligation on the part of the plaintiff, to make a good and sufficient title, the case is then altered. Thus, if he accepts a deed under

IV. — 41

[Magaw v. Lothrop.]

the contract, the vendor may sue for the purchase money on bond or otherwise, though if it should turn out there was a defect of title or outstanding encumbrance, he would be entitled to recover, the jury allowing to the defendant a deduction equivalent to their value. It would be no absolute bar to the action to say, that at the time of action brought the plaintiff had not conveyed a good and sufficient title, and this was the case of *Hart* v. *Porter's Executors*, (5 *Serg. & Rawle* 201). I take it also that the defendant's taking and retaining possession of the property contracted to be conveyed, may, under certain circumstances, be of a similar character in its effects; but it is not every taking of possession under the contract that will have this effect. The law on this subject is stated in the latest edition of *Sugd. on Vend.* 10, to be, that taking possession will, in many cases, be deemed an acceptance of title. 3 *P. Wns.* 193; 1 *Vez. Jun.* 226; 12 *Vez.* 27; 11 *Vez.* 464; or would at least be a ground to leave it to a jury to consider whether the party had not taken possession with an intention to waive all objections. But, he goes on to say a purchaser may, with the concurrence of the vendor, take possession of the estate at the time of the contract, as he cannot be held to have waived objections of which he was not aware. Now, the taking possession by the defendant here would seem to have been at or about the time of the contract, and indeed is so averred in the declaration; and so far from waiving the defects in the outstanding encumbrances, the plaintiff's letters and the defendant's conduct go to show, that it was understood by them that the plaintiff was to get in the outstanding claims and encumbrances, and that he would complete the title. And this is the point of view in which the case also presents itself when the defendant alleges a tender of the purchase money, and claims the right of rescinding the contract on that account.

Looking, therefore, to the errors assigned, we are of opinion,

1st. That whether the contract was rescinded was certainly a matter of fact, but if there was no evidence to show it, the charge of the court was right, and it would seem there was none.

2d. The instruction as to the interest was also right.

3d. Whether the defendant waived objections to the title existing at the time of suit brought on trial, was undoubtedly matter of fact to be left to the jury, on which the court were right to express an opinion, provided it did not bind the jury.

4th. We are of opinion that the court erred in saying the plaintiff could complete his title after suit brought. If he chose to sell a title which he had not, he was bound to perfect it and clear off the encumbrances before he could sue the defendant for the purchase money after the fourth instalment became due, unless the defendant agreed to accept such title as the plaintiff could give or waived objections to it. And a claim of dower seems to be such encumbrance, whether contingent or vested.

Judgment reversed.