# Roland *against* Tiernan.

Where, by articles of agreement for the purchase of land, part of the money is to be paid when the agreement is executed, and the articles are executed, but instead of money, the vendor takes the promissory note of the vendee for such sum, the vendee cannot object to its payment on the ground of incumbrances on the title then existing.

His remedy is in such case by action of covenant to recover damages.

ERROR to the District Court for the city and county of *Philadelphia* to March Term 1841.

Case brought on a promissory note by Francis Tiernan against Henry Roland and Thomas Blackstone, executors and trustees of Catharine Yohe deceased.

The plaintiff showed an agreement dated 18th September 1839, by which he agreed to purchase from the trustees of Dr Blackwell deceased a property situate at the four corners of Broad and Federal streets, containing 11 acres more or less, for $40,000; $1000 payable in cash, $9000 on or before the 15th November next; the balance, $30,000, to be secured upon the premises by bond and mortgage payable within eight years with interest; interest to

VIII. — 25                          R

[Roland v. Tiernan.]

commence on the whole on the 1st October, allowing the purchasers interest on the sum of $1000 from the time of payment till the 1st October, which sum was to be paid as security for the contract. If the interest on the $30,000 remained unpaid after it was due, the principal sum was recoverable without delay.

The plaintiff further showed an agreement of the 9th December 1839, between Dr Peter Schoenberger and Francis Tiernan of the first part and Mrs Catharine Yohe of the other, by which they agreed to convey to her a portion of this property situate at the northwest corner of Broad and Federal streets, 108 feet on Broad and 220 feet deep, and she agreed to pay therefor $7200, viz., $500 when the agreement was executed and delivered, and the balance, with interest semi-annually, to be secured by bond and mortgage, and payable on the 9th December 1845, or previous if preferred. The deed and bond and mortgage to be executed and delivered on the 9th day of ———. A receipt was attached for a note at 60 days for the $500 stipulated, dated 10th December 1839.

The plaintiff further showed a promissory note at 60 days of the 10th December 1839, made by Catharine Yohe in favour of Francis Tiernan or order, for $500, without defalcation for value received.

The plaintiff then gave in evidence a deed dated February 4th 1840, from James S. Smith and H. Hollingsworth, executors and devisees of the Rev. Dr Blackwell, to Francis Tiernan and Dr Peter Schoenberger, for all that tract of land in Moyamensing on both sides of Federal and Broad Streets, at the intersection thereof, containing 15 acres 1 rood 30½ perches, consideration money $40,000.

The defendants then gave in evidence a bond and mortgage, 4th February 1840, Francis Tiernan and Dr Schoenberger to James S. Smith and H. Hollingsworth, executors, &c., of the same property, for $60,000, conditioned to pay $30,000 on or before the 1st October 1847, recorded, &c. It was then admitted that the note was given in lieu of the cash payment required in the agreement of December 9th 1839, and also that the premises therein mentioned were part of the premises included in said mortgage.

The defendants then produced a notice to the plaintiff to produce on the trial the title-papers of the property for which the note was given, and to show the plaintiff's title.

The plaintiff then offered in evidence a release dated the 6th and recorded the 9th March 1843, by James S. Smith and H. Hollingsworth to Tiernan and Schoenberger, by which, in consideration of $4550 paid, they released to them that part of the premises in the mortgage by the same description as conveyed to Mrs Yohe, from the lien of their mortgage and interest, recorded, &c. To this evidence the defendants objected; but the court admitted it and sealed a bill of exceptions.

[Roland v. Tiernan.]

John R. Vogdes, a witness for the plaintiff, stated that he called on the 6th February 1840 at the residence of Mrs Yohe, to tender her a deed and mortgage of this date, but she was not at home. A day or two after, he found her too sick to be seen, and in two or three days she died. He was ready, as the plaintiff's agent, to tender them to the defendants, on their executing the bond and mortgage.

It was admitted that no notice of the release other than recording it had been given to the defendants. The plaintiff then tendered the deed dated 6th February 1840, on condition the defendants would execute the bond and mortgage of that date.

The court, in answer to the defendants' request, charged that the plaintiff was entitled to recover the principal of the note with interest from the time of executing the release: to which the defendants excepted,

I. Because the court admitted in evidence a release from James S. Smith and H. Hollingsworth, executors of Dr R. Blackwell, to Francis Tiernan and Peter Schoenberger, dated the 6th March 1843, executed since the commencement of this suit, and the date of the last trial.

II. The court erred, in saying the plaintiff had a right to recover, because,

1. At the time the contract for the purchase was made, and the note given in part payment, the vendors had no sufficient title to the premises in question, nor had they any until long after the death of C. Yohe and the commencement of this suit, viz., 6th March 1843.

2. Because there was a recorded unsatisfied incumbrance on the premises, to the amount of $40,000 and upwards.

3. Because there was no tender of the deed made to C. Yohe in her lifetime.

4. Because the tender to the executors of C. Yohe, since her death, was inoperative and unavailable.

*Randall*, for the plaintiffs in error, argued that no title free from incumbrance existed in the plaintiff when the suit was brought or the deed tendered, nor till long afterwards. No time was given to examine the deed or securities exhibited. 3 *Watts* 367; 10 *Watts* 442; 6 *Vez.* 610; 3 *Johns. Ch. Cas.* 312; 7 *Watts* 141; 3 *Rawle* 333.

*H. M. Watts* and *Meredith*, contra, insisted that the defendants were precluded by the note, which was the same as cash and to be paid at all events. *Lighty* v. *Shorb*, 3 *P. R.* 447; 10 *Watts* 298; 11 *Serg. & Rawle* 450; 5 *Watts* 421; 8 *Serg. & Rawle* 312; 4 *Watts & Serg.* 27, 320, 414.

The opinion of the court was delivered by
GIBSON, C. J.—*Lighty* v. *Shorb* contains the expression of a prin-

[Roland v. Tiernan.]

ciple which rules the case before us. It was said that where nothing but prompt payment would stand with the contemporaneous understanding of the parties, the purchase money is not to be detained as a security for defects in the title subsequently discovered; and that their intention is to be ascertained by the nature of the transaction and the character of the security. The principle is a wholesome one, and consonant to the intention from which their responsibilities proceed. By the terms of the sale in the present case, the money in contest was not to be detained for any reason whatever. It was agreed that these $500 should be paid at the execution of the articles which bear date the 9th of the month, but which were probably not executed till the next day, when Mrs Yohe, the purchaser, gave her promissory note for the exact sum without defalcation at 60 days, on which suit has been brought. For her exclusive accommodation, it was received as so much cash; and so far as she or her representatives are concerned, it must be treated as such. Payment of this part of the purchase money was not to depend on the quality of the title, for it was to be received before its quality was to be inspected. It was in fact paid in the purchaser's note taken as money. The transaction was in effect payment of so much received by one of the vendors, and lent by him to the vendee on separate account. The parties did not indeed go through the form of paying with the one hand and taking back with the other; but the operation was not the less a loan, nor would the plaintiff be the less answerable to his co-vendor for so much received by him to their joint use. Why then should not the note be paid? If the vendors have since broken their covenant for title, they are answerable for damages in an action on it; but not as cross-demand in an action by one of them, or as failure of consideration in a separate transaction. Nor shall the vendee's executors turn a favour done to their testatrix to the disadvantage of him who conferred it. For this reason, which is conclusive as regards the right to recover, it is unnecessary to consider the bill of exceptions to evidence.

Judgment affirmed.