# Knox *versus* Sprecher.

1. When partners on a settlement make a division of assets consisting of evidences of indebtedness, unless it is otherwise expressly agreed, the partners are respectively liable for loss from the insolvency of the debtors or causes not attributable to negligence.

2. The division primâ facie is for the convenience of collection only, throwing upon the partner who receives the assets, good faith and reasonable diligence.

3. It makes no difference that a note from a debtor of the firm was in favor of *one* partner, a discount obtained by him and the note subsequently renewed in his name.

4. Kelly *v.* Kauffman, 6 Harris 351, recognised.

May 2d 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Lancaster county :* No. 36, to May Term 1871.

[Knox *v.* Sprecher.]

This was an action of assumpsit brought January 9th 1869, by Lewis Sprecher against Samuel M. Knox.

The parties had been partners as drovers, and had had a settlement of their accounts. Amongst other assets was a note from Milton Seldomridge for $713, given for the price of cattle of the firm purchased by him. The note was dated September 16th 1863, payable to the plaintiff Sprecher in 60 days. This note was discounted at the Lancaster County Bank and the proceeds passed to Sprecher's credit; afterwards Seldomridge through the defendant paid $60 or $70 on the note and it was renewed at bank by another note dated November 17th 1863, at 30 days, drawn by Seldomridge to the plaintiff for $638.

On the 18th of December, the note being unpaid, the plaintiff endorsed on it, "I hereby guaranty the payment of the within note without protest."

Seldomridge died insolvent and the plaintiff paid the note; he brought this suit to recover from the defendant his proportion as partner.

The defendant alleged that the settlement was final, and that this note was taken by the plaintiff as part of his share of the assets without recourse to the defendant.

The charge of the court (Hayes, J.) presents the facts of the case, and with the instructions on the points, and the opinion of the Supreme Court, will sufficiently exhibit the questions raised and decided.

The points of both parties with their answers are as follows:—

Plaintiff's point: "Unless at the time of the settlement there was an express agreement between Lewis Sprecher and Samuel Knox, that Knox should be released from any responsibility on account of this note, the plaintiff is entitled to recover the one-half of the amount paid by him to the bank, with interest."

Answer: "At the settlement, if anything remained in the shape of a debt, or any effects belonging to the partnership, from which any loss afterwards occurred—and nothing was agreed upon at the settlement with respect to such a loss—the partners would have to share the loss, as they shared the profits; and if one partner incurred the loss by paying from his own means, so as to relieve his co-partner, he may recover what he thus paid for him as his contribution to the loss. If this note was considered and treated by these parties as assets of the partnership, when they came to the settlement, and if nothing was said about losses, and the note was retained by Lewis Sprecher to collect as a note belonging to the firm, then on a loss occurring by the insolvency of Milton Seldomridge, the loss should be divided, unless Lewis Sprecher was guilty of gross neglect in not collecting from Milton Seldomridge, if by proper vigilance he might have recovered the money from him. But if the note was taken by Lewis Sprecher as his

[Knox v. Sprecher.]

part or share of the partnership effects, and the settlement was by the agreement of the parties a full and final settlement, without any stipulation as to future contribution, in case this note could not be collected; and if Mr. Sprecher, by his subsequent proceedings in regard to this note, by its negotiation and renewal and guaranty, considered and treated it as his own, he cannot recover from Mr. Knox, on account of his not collecting the note from Milton Seldomridge."

Defendant's points: "1. Sprecher and Knox having made a full settlement of the partnership transactions and whatever balance remained having been paid over, it would not be in the power of either party now to open such settlement, unless upon the ground of fraud or clear mistake.

"2. Sprecher having taken the Seldomridge note for cattle he himself sold him, made payable to his own order, having it discounted for his own use and receiving it in his own name, and this without the knowledge and consent of Knox, he is now debarred from a recovery against him.

"3. It was the duty of Sprecher, if he meant to look to Knox for any part of the claim in dispute, to have used all legal means for collecting the amount from Seldomridge, who was at the time good and solvent.

"4. If Sprecher, at the time the note of September 1863 fell due, knew or believed Seldomridge not good, then took a *new note* from him payable to Sprecher, he took the risk, and cannot now look to Knox for any part of it."

Answers: "1. Whether the parties made a full settlement precluding any claim for contribution in case of losses to occur, is the question for the jury to decide from all the testimony in the case.

"2. If the note on the settlement was treated as partnership property, notwithstanding its form, and retained as such by Lewis Sprecher for collection, his discounting it in bank would not debar his recovery against Samuel Knox for his contribution to the loss occasioned by Milton Seldomridge's failure to pay, though he placed it in bank without Samuel Knox's knowledge or consent.

"3. It was Sprecher's duty to use all reasonable diligence to collect the amount from Seldomridge. Whether Seldomridge was at the time good and solvent, is a question for the jury.

"4. The taking of the new note referred to was for the renewal of the discounted note, and did not change the character of the transaction. If Sprecher then believed Seldomridge not good, the renewal was for Sprecher's ease, who, in case the drawer did not or could not pay, must have paid it at that time himself. He did not take any additional risk, but renewed that of his first endorsement; so that if Knox was liable to contribution when the

18 P. F. Smith—27

note was first placed in bank, the renewal did not relieve him. Whether he was liable or not depends upon whether there was any, and what was the agreement at the time of the settlement in relation to this note; this is the hinge of the case."

The court charged:—

"These parties were partners in the purchase and sale of cattle and sheep. In the fall of 1863 they bought a drove of cattle and one of sheep in Franklin county, Sprecher paying for and taking charge of the cattle, and Knox paying for and taking charge of the sheep; they brought them to this county for sale, and met at Witmer's bridge. Knox sold out the sheep and Sprecher the cattle. The respective droves were held in partnership, but the business of selling as of buying was conducted by the several partners separately, Knox selling all the sheep and Sprecher all the cattle. The only exception was two head of cattle which Mr. Knox sold as he states for Lewis Sprecher, and paid over to him the price received for them.

"When all the sales were made the parties met together at L. Sprecher's tavern in this city, and from their pass-books, settled and divided the profits, amounting, as S. Knox remembers, to a little more than $400. Among the sales of cattle was one of $713 to Milton Seldomridge, for which Lewis Sprecher received his note drawn to his order. This note was at the settlement treated as part of the partnership funds in estimating the profits, and was left in the hands of Lewis Sprecher. It has not been collected; Milton Seldomridge became insolvent and died. It was discounted by Mr. Sprecher at the Lancaster County Bank, and renewed after some $75 paid upon it by Seldomridge, and subsequently remained in the bank with payment guarantied by Mr. Sprecher for two years, when he paid the amount which he had drawn from the bank, and received the note from the bank. It is this note which is the matter of controversy in the present suit. Lewis Sprecher demands the one-half of its amount from Samuel Knox, as his contribution to the loss sustained by reason of Milton Seldomridge's insolvency and failure to pay the same. Mr. Knox defends the suit on the ground that the settlement between him and Mr. Seldomridge was final and complete, and that this note was taken by Mr. Sprecher as his portion or a part of his share in the partnership effects. As no one was present at the settlement besides the parties, their statements here (on the witness stand) are the only direct evidence you have of that transaction. Whatever the agreement was, on that settlement with respect to the disposition of this note, should bind them. If there was no agreement (which if made would be the law of the case made by themselves) the matter would fall within the law of partnership, which shares the loss as well as the profits of partnership adventures. What the agreement was, or whether there was any, you will have to decide

[Knox v. Sprecher.]

according to all the testimony before you. Samuel Knox affirms that the settlement was full and square, and that nothing was said or agreed about the note, if the money was not collected from Milton Seldomridge. Lewis Sprecher affirms that there was an understanding and agreement when they settled that any losses that might occur from the business or this note were to be shared between them. [If you find there was no agreement, and that the note was treated as partnership funds in the ascertainment of the profits, without any stipulation to the effect that Lewis Sprecher would not have recourse to his copartnership in case he could not collect it, and it was not collected only through his gross neglect, your verdict should be in his favor for such amount as the defendant ought to contribute to the loss; that is, one-half; but if it was agreed at the settlement that Lewis Sprecher should take or retain this note as a part of his share of the partnership effects, if he retained the same with that understanding as his own, and treated it afterward as his own, and either failed in due diligence to press the collection, or to make or to intimate to Samuel Knox that he was to be accountable for his share of the loss, if any should happen—facts which, if shown, might be regarded as evidence of what the agreement was—your verdict should be for the defendant."]

The verdict was for the plaintiff for $452.64.

The defendant removed the record to the Supreme Court.

The errors assigned were :—

1. That the form of action should have been account render.

3–5. The parts of the charge in brackets and the answers to the points of the parties.

*N. Ellmaker*, for plaintiff in error.—As to the charge of the court and the answers to the points cited: Kelly *v.* Kauffman, 6 Harris 351; Lefever *v.* Underwood, 5 Wright 505.

*E. H. Yundt* (with whom was *B. F. Eshleman*), for defendant in error, cited Kelly *v.* Kauffman, *supra;* Collyer on Part., p. 2, § 3.

The opinion of the court was delivered, May 11th 1871, by

SHARSWOOD, J.—No point was presented to the learned judge below in regard to the form of action, nor indeed does it anywhere appear on the notes of evidence returned with the record, nor in the copy of the charge filed, that such an objection was made on the trial. The 1st assignment of error is therefore not sustained. The 2d error is not assigned according to our rules upon that subject, Rule VIII., 6 Harris 578, and is therefore to be held "the same as none."

The remaining errors assigned are to the charge of the court,

and to the answers to the points of the defendant below. They may all be considered together. The plaintiff and defendant were drovers and had been partners in the purchase and sale of two lots of certain cattle and sheep. Sprecher paid for and took charge of the cattle, and Knox of the sheep. When after the stock was all sold they came together to make a settlement and division of the profits, the note of a man named Seldomridge, which Sprecher had taken for cattle sold, was left in his hands. It turned out that Seldomridge was either insolvent at the time or proved to be so subsequently. It is to recover from Knox contribution to this loss that Sprecher instituted this action of assumpsit. Both parties were examined as witnesses, and differed very materially in their account of the agreement and understanding between them about this note at the time of the settlement. Knox asserted that it was understood that the settlement was final and absolute, and that Sprecher took the note as so much cash. Sprecher denied this and insisted that when they settled they agreed that the money that was lost each was to lose one-half. This certainly presented a square issue of fact for the decision of the jury. When partners on a settlement make a division of assets consisting of choses in action as notes or other evidences of indebtedness belonging to the firm, unless it is otherwise expressly agreed, they remain liable respectively for whatever loss may subsequently appear from the insolvency of the debtors or other causes not attributed to negligence in either. The division primâ facie is for the convenience of collection, only throwing upon the partner who receives the assets the obligations of good faith and reasonable diligence. If Sprecher was to be believed, Knox recognised his continuing interest in the note after the settlement; for after he had procured the note to be discounted, he consulted Knox as to paying it. He testified: "Then I said, Supposing I go and pay the note, and you and me will make it some other time. And he agreed to that. He thought it would be better, and I paid the note." Knox, it is true, denied this statement, but after such evidence it can hardly be pretended that it was not a question for the jury whether Sprecher had acted fairly and with reasonable diligence.

The case of Kelly *v.* Kauffman, 6 Harris 351, was in all its circumstances, a case very much resembling this. The principles there enunciated sustain the instructions of the learned judge below on the principal matter of contention here. That was a partnership between cattle drovers who had made a settlement and division of assets including a note to the firm, which the maker afterwards failed to pay. It was endorsed in the name of the firm to one of the partners who procured it to be discounted by a bank, but on failure of the debtor had paid it himself to the bank. "The contract of partnership," said Lewis, J., "is essen-

[Knox *v.* Sprecher.]

tially an agreement to participate in the profits and losses.    A settlement of the accounts and division of the partnership assets, does not discharge the parties from their mutual obligations to contribute to losses, which may subsequently arise from circumstances not anticipated at the time of the settlement.    Nothing short of an agreement mutually releasing each other from such liability will produce that effect."    The judgment in that case was reversed because it was thought that there was no evidence of such an agreement, which ought to have gone to the jury.    It can surely make no difference that the note here was originally drawn in favor of the partner to whom it was handed over, or that he procured it to be discounted and subsequently renewed.    There may have been circumstances bearing upon the principal questions of fact: Was the note accepted by Sprecher as so much cash? and if not, did he act fairly and use reasonable diligence in pursuing the claim upon it?—but these were questions rightly submitted to the jury, and we think with proper instructions upon the law.

Judgment affirmed.