Thompson, J., dissented.


## Thompson versus McKinley's Administrator.

*Effect of decree, on proof of contract of decedent.—Tender of money, effect of in ejectment.—Proper form of conditional verdict.*

1. Where a contract for purchase of land is, after decease of vendee, upon petition of his administrator, duly proved in the Common Pleas, and decree made enforcing it, the vendor cannot, in ejectment for the land, set up want of notice of the taking of testimony to prove the contract: the proof of the time and place of taking the testimony was *primâ facie* concluded, by the decree made, as to the sufficiency of the proof of the execution of the articles.

2. A vendee under articles, who tenders the balance of purchase-money due thereon to the vendor, and demands a deed for the land, may, upon refusal to receive the money and make the deed, upon the trial of an ejectment for the land by the vendor brought without a tender of the deed, prove the tender of the money and pay the amount of it into court, and in such a case he is not liable for interest between the time of the tender and the trial.

3. A conditional verdict in ejectment should always fix the time when the money is to be paid.

Error to the Common Pleas of *Crawford county.*

This was an action of ejectment by Jedediah K. Burnham,

11 Wr.—23

[Thompson *v.* McKinley's Administrator.]

administrator *de bonis non* of Robert McKinley, deceased, against Henry S. Thompson, for eighty acres of land in South Shenango township, and was brought to enforce the payment of purchase-money.

By articles of agreement between the plaintiff's intestate and the defendant, dated April 12th 1856, the former covenanted to sell and to convey by a good and warranty deed when the last payment should be made, the land embraced in the suit; for which defendant covenanted to pay $1360; $500 in hand, which was endorsed paid accordingly, and the remaining $860 in four equal annual instalments, with interest from date on each payment due. It was also provided that the vendee should have possession at the time of the contract. Under this contract, defendant entered into possession of the land, which was valuable woodland, cleared some and erected a house on it. After the first payment, defendant made another of $20, which was in like manner endorsed on the contract. Subsequently defendant discovered the vendor had no title to a part of the eighty acres embraced in the contract, and of which the defendant had only constructive possession. After the decease of the vendor, and some year and a half before the bringing of this suit, defendant made a tender to the administrator of the balance of the purchase-money, and demanded a deed for the land. This payment was tendered in the gold coin of the United States. The administrator declined taking the money until he had seen his attorney. No subsequent demand was ever made nor deed delivered by plaintiff. The defendant paid into court the money tendered, claiming he was not liable for interest accruing subsequent to the tender.

On the trial the plaintiff offered in evidence the contract between the parties; the petition of Robert McKinley, administrator of Robert McKinley, deceased, presented to the Common Pleas May 22d 1860, praying for leave to prove it; the appointment of John Carr as commissioner; the *ex parte* affidavit of A. Holmes, the scrivener by whom the contract was written; and the decree of the court adjudging the proof to be sufficient. All which was objected to because notice was not given of the taking of the testimony, but admitted by the court.

After the testimony was closed, the court charged the jury as follows:—

"Defendant's attorney contends that, the purchase-money being tendered before suit was brought, plaintiff cannot maintain his action. It is testified that the amount due at the time of the tender was $1046. The defendant brings now into court and tenders $1048, and contends that he is not liable for interest from the time the tender was first made in April 1860. The court charges the jury, 'That the money should have been

brought into court when the suit was brought, or within a reasonable time thereafter; and the defendant not having done so, the plaintiff is entitled to interest.'"

Under this ruling there was a verdict and judgment for plaintiff, the verdict being in the following words:—

"Verdict for the plaintiff for the land described in the writ, to be released on the payment of $1133.55."

The errors assigned were the admission of the contract as above stated, and the instruction given to the jury.

*G. Church,* for plaintiff in error.

The defendant presented no printed argument.

The opinion of the court was delivered, May 4th 1864, by

THOMPSON, J.—We agree with the learned judge below, that the proof of notice of the time and place of taking testimony to establish the execution of the articles of agreement was *primâ facie* concluded by the decree of the sufficiency of the proof. If such a defect existed, it should have been corrected on appeal. The decree is not to be overthrown in a collateral proceeding.

But we are not so well satisfied that the ruling in regard to the alleged tender was in accordance with the practice in cases of this kind. A defendant in ejectment, who occupies the position of a vendee, if he wishes to maintain his possession, puts himself in the position of a plaintiff in equity, and whatever would entitle him to a decree there, would be sufficient, certainly, to protect him in the ejectment by the vendor.

The defendant in this case made a tender of the balance of the purchase-money, and demanded a deed. In a court of equity this would have entitled him to a decree for a conveyance, on bringing the money into court without the *incrementum* of interest. His right in equity to a conveyance being thus perfected by a sufficient tender, it would not become incomplete by the mere lapse of time between that and the decree, so as to charge him with accruing interest; if it would, the negligence or inanition of the vendor in the mean time would be sufficient to defeat an equity caused by diligence and activity. This would be contrary to both law and equity.

To apply these principles. The defendant tendered the money due, and the plaintiff failed to put himself in a position to accept by making a deed; and when he thought himself able to do so, brought ejectment without tendering a deed. This he could undoubtedly do. But this is not the point; it is a question of interest. If he had tendered the deed when he got ready to make it, and the defendant had not then accepted and paid the money, he would have lost the benefit of his previous tender

[Thompson *v.* McKinley's Administrator.]

by not having it on hand, and would have been liable to interest. But he did not choose this course. He brought ejectment on his legal title, and thus gave to the defendant the right to assert his equity only when called on to answer it in court. That he did, by setting up the contract of sale, proving his tender, and bringing the money into court. This was enough, and more than enough, according to some of the cases: Henry *v.* Raiman, 1 Casey 354; Williams *v.* Bentley, 3 Id. 354; McGaw *v.* Lathrop, 4 W. & S. 316. He was not in default in any way after the tender. The plaintiff took no steps to put him in default by trying whether he was ready to pay, or would pay without suit. Even after his offer to pay, when it was proper to do so, he maintained his good faith, and was therefore not in default, and not bound to pay interest or costs.

I do not see how a tender could be technically pleaded in ejectment. The action is not in form, nor even in substance, a demand for money; and the Act of 1705 applied only to such cases. A tender then was required to be pleaded, and, to avail anything, the money could only be brought into court upon a rule obtained for that purpose. But that never applied to ejectments on a legal title, where the only plea necessary is, "Not guilty." We think, therefore, that the learned judge erred in his charge upon the subject of the tender, and its effect on the question of interest.

There is another reason for reversing this judgment. By an oversight the conditional verdict fixed no time when the money should be paid. This is always essential.

Judgment reversed, and *venire de novo* awarded.

Agnew, J., was at Nisi Prius when this case was argued.