## S. S. WYLIE ET AL. v. E. C. MANSLEY.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 8, 1890—Decided January 27, 1890.
[To be reported.]

1. Where the defendant, in an action of ejectment, sets up title in himself under a resulting trust, against a clear legal title in the plaintiff, the action is turned into a proceeding in equity, in which the trial judge becomes a chancellor and the jury are simply his advisers : Reno v. Moss, 120 Pa. 49.

2. The burden is upon the defendant to present a case for equitable relief so clear and conscionable as to satisfy a chancellor; and if the judge be of the opinion that the evidence is insufficient to sustain a verdict in favor of the trust, it should not be submitted to the jury : Hess v. Calender. 120 Pa. 138.

3. Casual declarations by the holder of the legal title, made after its acquisition, that her husband, the defendant's intestate ancestor, furnished the purchase money and was the real owner of the property. are insufficient to support a resulting trust against the legal title of the plaintiff.

4. An assignment of error, which relates to the admission of testimony but does not embody in it either the offer, the objection, or the ruling of the court below, is not in conformity with the Rules of Court (Rule XXIV.), and will be dismissed without consideration, for that reason.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 298 January Term 1889, Sup. Ct.; court below, No. 635 June Term 1888, C. P. No. 4.

On June 14, 1888, Samuel S. Wylie and four others, his brothers, brought ejectment against Edward C. Mansley, to recover premises on the southwest corner of Columbia Avenue and Twenty-third street, in the Twenty-ninth ward of the city of Philadelphia. Issue.

At the trial on November 1, 1888, the plaintiffs showed title to the property in dispute in Eunice H. Mansley, by deed dated April 13, 1866 ; and proved, further, that Eunice H. Mansley died, intestate, on March 9, 1887, leaving to survive her Edward Mansley, her husband, and the plaintiffs, her half-brothers ;

VOL. CXXXII—5

that Edward Mansley died on November 25, 1887, and the plaintiffs were the next of kin and heirs at law of said Eunice H. Mansley. The defendant's possession of the premises in dispute having also been shown, the plaintiffs rested.

To meet the title shown by the plaintiffs, the defendant adduced evidence that he was the son, by a former wife, of said Edward Mansley, who had died intestate, leaving the defendant as his heir at law. A number of witnesses were then called who testified to casual conversations with Eunice H. Mansley, at different times during her life, in which she stated that the money with which the property in dispute had been purchased was her husband's money, and that he was the owner of the property. Without other evidence to support his title, the defendant rested.

The court, ARNOLD, J., instructed the jury to render a verdict for the plaintiffs, saying : " The testimony on the part of the defendant here is not of that character and strength which would warrant a verdict in his favor. There must be other evidence, or we will have to follow the deed."

The jury returned a verdict for the plaintiffs, as directed. A rule for a new trial having been discharged, the defendant took this appeal specifying that the court erred :

1. In directing a verdict in favor of the plaintiffs.

2. " In admitting the testimony of S. S. Wylie, one of the plaintiffs." *

*Mr. John Sparhawk, Jr.* (with him *Mr. Sheldon Potter*), for the appellant :

1. It has always been the law, in this state, that where land is purchased with the money of one person and title is taken in the name of another, these facts are sufficient, without more, to establish a resulting trust by implication of law. An exception is admitted, that where the transaction is between husband and wife, the law frequently presumes a gift, but there is no irrebuttable presumption to that effect: Earnest's App., 106 Pa. 310. Even between husband and wife, the transaction is open to proof.

2. No better proof is possible than to show by the declara-

---

* Quoted, as filed. See Battles v. Sliney, 126 Pa. 460.

Opinion of the Court.

tions of the wife that the transaction was not a gift, but the property belonged to her husband who had paid for it. Upon the evidence, the court should have submitted the question to the jury, with the instruction that if they believed the testimony as to Mrs. Mansley's declarations, they should find a verdict for the defendant: Gregory v. Setter, 1 Dall. 193; Thomson v. White, 1 Dall. 447; German v. Gabbald, 3 Binn. 302; Gibblehouse v. Stong, 3 R. 456; Lloyd v. Carter, 17 Pa. 216; Beck v. Graybill, 28 Pa. 66; Lynch v. Cox, 23 Pa. 268; Rupp's App., 100 Pa. 531.

*Mr. Wm. K. Shryock*, for the appellee:

Conceding, but for the sake of the argument only, that Edward Mansley's money went to pay for the property, the presumption would be that it was a gift to the wife: Underwood v. Warner, 4 Phila. 6; Bowser v. Bowser, 82 Pa. 59; Cross's App.,.97 Pa. 471. The evidence adduced by the plaintiffs was not sufficient to establish a resulting trust, which must arise, if at all, at the inception of the title, either through fraud in the acquisition of that title, or through the payment of the purchase money by which it was obtained: Edwards v. Edwards, 39 Pa. 369; 1 Lewin on Trusts, *166–175, 2 Taylor on Ev., §§ 1017, 1018; Nixon's App., 63 Pa. 279; Church v. Ruland, 64 Pa. 441; Jones v. Bland, 112 Pa. 176; Clark v. Trindle, 52 Pa. 495; Reno v. Moss, 120 Pa. 68; Hess v. Calender, 120 Pa. 138.

OPINION, Mr. JUSTICE WILLIAMS:

The second assignment of error is not in conformity with the rules of this court. It relates to the admission of testimony, but neither the offer, the objection, nor the ruling of the court below is embodied in it, and it must be dismissed for that reason. The first assignment raises the only question presented for consideration.

The action is ejectment. The plaintiffs are the heirs at law of Eunice H. Mansley, who had been the holder of a deed in fee-simple for the property in controversy for about twenty-one years before her death. Edward Mansley, her husband, survived her somewhat less than one year, and died leaving a son by a former marriage, who is the defendant. He resists a re-

covery upon the legal title, alleging that the property was paid for by Edward Mansley, his father, although the title was taken in the name of Eunice H., the wife; and that she is therefore a trustee of the title for her husband and his heirs at law, under a trust resulting from the payment of the purchase money by him. He is setting up an equitable title in himself against a clear legal title in the plaintiffs, and the burden of proof is on him. The action is turned into a proceeding in equity, in which the defendant is in the position of one asking to have a resulting trust declared and a conveyance by the holder of the legal title decreed.

The judge, under such circumstances, becomes a chancellor, and the jury simply his advisers. The defendant was therefore under the necessity of presenting a case for equitable relief that was so clear and conscionable as to satisfy a chancellor. If the evidence on which his allegation of the existence of a resulting trust rested, was such as to leave his title to relief in doubt, or, if it was unsatisfactory in character, so that a chancellor would not regard it as sufficient to justify a decree, it ought not to be left to the jury. Whether there was evidence on which a verdict could conscionably rest was a preliminary question, and it was one which it was the duty of the judge to determine. If he was of opinion that the evidence was not sufficient to sustain a verdict in favor of the trust, it was his duty to say so to the jury, and withdraw the evidence from their consideration: Moore v. Small, 19 Pa. 461; Piersol v. Neill, 63 Pa. 420; Hess v. Calender, 120 Pa. 138. The rule is well settled that a recovery by means of the verdict of a jury will not be permitted upon a title which is void at law, unless equity and good conscience entitle such party to the intervention of a chancellor: Tyson v. Passmore, 2 Pa. 122; Greenlee v. Greenlee, 22 Pa. 225; Reno v. Moss. 120 Pa. 49. In the latter case the authorities were examined and the rule re-stated so recently that it would be unnecessary to repeat what was there said.

In the present case, the learned judge followed the rule so well settled in this state, and refused to submit to a jury a case upon which he would have refused a decree if the facts had been before him in a proceeding on the equity side of the court. In this he was clearly right, and

The judgment is affirmed.