Shaw *v.* New Amsterdam Casualty Co., Appellant.

Argued October 12, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Drew and Linn, JJ.

214

*Morris Feldstein*, with him *Harry J. Nesbit*, for appellant.—The terms of the contract require the court to enforce the forfeiture: Coventry Mutual Live Stock Ins. Assn. v. Evans, 102 Pa. 281; Windsor Mfg. Co. v. Ins. Co., 277 Pa. 374.

The immateriality of a failure to perform a condition precedent does not mitigate the fatal effect of such a failure: National Surety Co. v. Long, 125 Fed. 887; Bauschard v. Fidelity Casualty Co., 21 Pa. Superior Ct. 370.

The surety is discharged by a change in the contract without his consent: Yubas v. Makransky, 300 Pa. 507.

*Wm. F. Knox*, of *Moorhead & Knox*, for appellees.— The construction that the failure to pay an installment of rent which was later paid made void the bond, would defeat the intention of the parties.

Any variance in the performance of the contract from that recited in the bond would not discharge the surety company in the absence of evidence that the ability of the principal to perform his part of the contract had been lessened: Young v. Bonding Co., 228 Pa. 373; Phila. v. Deposit Co., 231 Pa. 208; Purdy v. Massey, 306 Pa. 288.

Acts or omissions which would discharge an accommodation surety will not discharge a compensated surety: Butz v. Metal Products Co., 255 Pa. 53; Phila. v. Ray, 266 Pa. 345.

OPINION BY MR. JUSTICE KEPHART, November 28, 1932:

Appellant gave its bond to secure the payment of rent. It contained the following condition: "That upon the

obligee's becoming aware of any *default* in any of the covenants and conditions of the lease, either in the payments or the performance by the said Halle......the said obligee shall give immediate notice thereof in writing to the surety......and if said notice is not given within thirty days after the discovery of such breach ......then this bond shall be void." The difference between the parties is over the word "default" in the bond. Appellant urges that any default on the day fixed for payment was within the meaning of the bond though the rent was paid the following day or later, while appellee contends that "default" does not contemplate a mere failure to pay on the due day but means a default in the payment of any month's rent which the surety is called on to pay.

In surety or other contracts where the parties prescribe fixed times for notice of loss or default and also provide that if notice is not given within the prescribed time the contract shall be void, or there shall be no right of action on it, the terms of the contract require the courts to enforce the forfeiture: Coventry Mut. Live Stock Ins. Assn. v. Evans, 102 Pa. 281, 284; Windsor Mfg. Co. v. Globe & Rutgers Fire Ins. Co., 277 Pa. 374, 379. Where the language is clear and unambiguous there is no doubt that this rule should be carried out literally: U. S. Fidelity & Guaranty Co. v. Rice, 148 Fed. 206; Odegard v. General Casualty & Surety Co., 44 Fed. (2d) 31, 34, but we encounter difficulties in the bond and lease which do not permit the application of these principles.

There is no effort to collect on the bond except for rent in default for which proper notice was given, but it is the position of the surety that for two years prior to July, 1931 (the beginning of appellee's claim), rents fell due which were not promptly paid on the due date though they were later paid; that the failure to give notice of the first breach, August, 1929, rendered the bond null and void according to its tenor, and, once void, it is

immaterial whether notice was given of defaults occurring in the lease subsequent to that time. The rule of strict construction which applies to contracts of accommodation sureties does not apply to those of compensated sureties; such instruments are liberally construed and the surety may be relieved only by showing a material variance prejudicial to his rights: Young v. American Bonding Co., 228 Pa. 373; Sokoloff v. Fidelity & Casualty Co. of N. Y., 288 Pa. 211; S. Phila. State Bank v. Nat. Surety Co., 288 Pa. 300; Purdy v. Massey, 306 Pa. 288.

If a contract is ambiguous as to what shall constitute a default, strict enforcement of forfeiture for failure to give notice of any default should not be permitted. The bond provides that on default *immediate* notice in writing shall be given and if notice is not given thirty days after discovery then the bond shall be null and void. Here is an ambiguity as to when the notice shall be given: was it immediate or thirty days after failure to pay on the due date or thirty days after the landlord learned that the tenant did not intend to pay? When the interpretation of a contract is doubtful it is strictly construed against the party who used the ambiguous language: Coates v. Cotteral, 290 Pa. 237; Sunseri v. Garcia & Maggini Co., 298 Pa. 249.

Assuming for the moment that there is no ambiguity, a reasonable and fair interpretation of the bond inclines one to the belief that the failure to give notice of a certain default would destroy liability only for the particular default in question, but would not prevent recovery for other defaults where due notice was given: 30 C. J. 171. Bearing in mind that the law abhors forfeiture, this interpretation becomes more certain from the lease which the bond secured. The bond and the lease must be construed together as relating to the same matter. It is fair to presume the parties had in contemplation the liability incurred by the primary instrument, the lease, and a construction should be adopted

which effects that intention unless it does violence to the instruments involved. A principal should not be held liable beyond the precise terms of his contract. Under a strict literal interpretation of the bond, such as the surety urges, it would fail of its purpose, and this certainly was not the intention of the parties; unless immediate notice was given of a breach of one of the many covenants by lessee, no matter how trivial, the bond would be void. As stated above the lease and bond should have a reasonable interpretation consistent with all matters involved therein and the word "default" must be related to the lease in its entirety.

The lease provides: "If any part of the rent shall be *in arrears and unpaid*......then in any such case the rent for the entire unexpired part of the term...... shall at once become due and payable...... In case of a breach by lessee of any of the covenants......lessor may terminate this lease...... Upon the expiration or other determination of this lease, any attorney may appear for lessee in an amicable action of ejectment...... and......confess judgment...... If the rent...... shall not be paid promptly......any attorney...... may confess judgment......for the amount so owing or any parts thereof...... In case any one or more of the foregoing judgments shall be confessed...... In every suit or action......lessor shall have the right to recover an attorney's commission of $50...... The acceptance of rent......shall not be deemed a waiver of the right to terminate this lease...... In case of a breach...... lessor may elect that......the rent shall be increased."

These provisions in the lease contemplate a series of failures to pay, each being a default or breach within the meaning of the lease unless the lessor on receipt of the rent or for other cause elected not so to regard it. But if the surety was to be held liable for such default it must be notified thirty days after the particular default occurred, and if the landlord elected to consider

the rent for the balance of the term due, and so notified the surety, no further notice would be necessary, even though the rent was later received. "Acceptance of rent shall not be deemed a waiver." The lease provided for judgments for any one or several defaults or failures to pay, with the implied right to cure the failure by payment of rent (Equitable Surety Co. v. Board of Comrs., 256 Fed. 773) ; and default in the bond must be considered as related to the several defaults in the lease. A failure to pay on a particular date would then become an active default or breach within the meaning of the lease only when the lessor undertook to exercise his right thereunder and notified the surety of such default. The failure to pay on the due date does not necessarily visit extreme punishment on the lessee and he may thereafter pay if the landlord choses to receive it. It is manifest the parties did not intend that a default should consist merely in a failure to pay, but in a refusal to pay; each default stood alone, requiring notice to be given the surety of such default in thirty days if it was to be held. See Ætna Indemnity Co. v. Comer, 136 Ga. 24; Church v. Curtis, 130 Minn. 111; Lyman v. Title Guaranty & Surety Co., 48 Utah 230; Lockland v. Renshaw & Am. Surety Co., 256 Mo. 133; Southern Surety Co. v. Slayton, 41 Fed. (2d) 693. All defaults prior to July were corrected. Appellant was not prejudiced by these acts and there is nothing in the record to show that it suffered any damage from the lack of notice of prior delayed payments. See Young v. American Bonding Co., supra.

The bond itself provides that it shall remain in full force from 1929 to 1934 "if no default in the payments" of said lease has occurred on the last mentioned date. This condition speaks of a default in actual payments, not simply a default on the day the payment is due.

The judgment of the court below is affirmed.