434 A.2d 196

**Carmen WILLIAMS, Trading and Doing Business as C. W. Coal Company,**

**v.**

**Victor E. VESLEY and Margaret Vesley, his Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1981.

Filed Aug. 28, 1981.

Vincent J. Roskovensky, II, Uniontown, for appellants.

Gregg M. Rosen, Pittsburgh, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

MONTGOMERY, Judge:

In late December, 1977, the Plaintiff-Appellee initiated an action to quiet title, requesting that the lower court declare an agreement concerning the mining of coal to be valid.[1]

---

1. The lower court found an action to quiet title to be inappropriate in the circumstances presented in the instant case. Instead, the court treated the action as one in ejectment. The correctness of the lower

The agreement gave the Appellee the right to strip mine land owned by the Defendant-Appellants in Fayette County. The Appellants claimed that the Appellee had violated the terms of the agreement and lost any right to mine coal on their property. The lower court conducted a hearing and considered evidence in the matter, and found that the Appellee retained a right to mine on the Appellants' land. The Appellants filed exceptions which were dismissed by the lower court en banc, and the Appellants filed the instant appeal with our Court.

The record shows that on September 11, 1976, the Appellants entered into a coal lease granting the Appellee the right to conduct coal mining operations on the Appellants' property. The agreement was in a form prepared by the Appellee. As prepared, it set forth, *inter alia*, that: "The original term of this agreement is for a period of three (3) years, or, until all of said coal shall have been mined and removed therefrom. Testing operations shall begin as soon as practical; upon determination that coal can be profitably mined, such coal mining shall commence within thirty (30) days from the date of Permit issuance by the Commonwealth of Pennsylvania, Department of Natural Resources." At the time the agreement was executed, the Appellants insisted upon the insertion of the following language, as a separate paragraph in the agreement: "Coal mining shall commence within twelve months from the date of this agreement."

Within thirty days after the execution of the agreement, a mining contractor for the Appellee commenced exploratory drilling on the property. In early November, 1976, the Appellee's contacting miner submitted a permit application to the Pennsylvania Department of Environmental Resources. Subsequently, the Department was supplied with all requested technical data relating to its permit application

court's action, in that regard, is not challenged by either party on this appeal. Therefore, we do not consider it as an issue in this case.

review process. During 1977, after a considerable delay in action on the permit application by the Department of Environmental Resources, representatives of the Appellee traveled to Harrisburg to meet with representatives of the Department of Environmental Resources to attempt to promote action on their permit application. Finally, after further procedures by the Department of Environmental Resources, a permit was issued on October 28, 1977, which authorized the Appellee to mine the Appellants' property. On November 10, 1977 the Appellee's contract miner posted a bond, complying with all necessary prerequisites to commence mining. The Appellants however refused to allow the Appellee and his contract miner to commence mining. The Appellants based their position upon the claim that the Appellee had violated the provision of the agreement stating that mining should commence within twelve months from the date of the agreement, or no later than September 11, 1977.

The lower court, while recognizing that mining had not commenced within twelve months of the initial date of the agreement, nevertheless found that the Appellee retained an enforcible right to mine the Appellants' land. The lower court found that the clause concerning the commencement of mining within the initial twelve month period was inserted by the parties merely to prompt the Appellee to make every reasonable effort to commence mining at the earliest possible date. However, the lower court found that the clause was not sufficient to create a forfeiture of the Appellee's rights under the agreement when the commencement of such mining was the result of circumstances beyond the control of the Appellee, and occurred despite the Appellee's best efforts to diligently complete all steps necessary in order to begin mining the property. We believe that the record supports the conclusions reached by the lower court.

The Appellants' position, if sustained, would require us to work a forfeiture of the Appellee's rights under the

lease. It is well-established that equity does not favor a forfeiture and our courts have been greatly hesitant in enforcing one, especially when a contract has been carried out or its literal fulfillment has been prevented by uncontrollable circumstances. *Barraclough v. Atlantic Refining Co.*, 230 Pa.Super. 276, 326 A.2d 477 (1976). Further, forfeitures are viewed as odious in law, and are enforced by our courts only where there is the clearest evidence that a forfeiture was what was meant by the agreement of the parties. See *Brown v. Brown*, 164 Pa.Super. 350, 64 A.2d 506 (1949). In the instant case, it is clear that the Appellee made every reasonable and possible effort to commence actual mining operations as soon as possible. The record clearly establishes that the Department of Environmental Resources was unduly dilatory in the processing of the Appellee's application for the necessary permits to begin the mining operation. Moreover, the record shows that the clause upon which the Appellants rely, concerning the commencement of mining operations within one year, was inserted without a specific provision for forfeiture. Decisions in our courts have held that the right to forfeit a mineral estate, in situations such as the instant one, must be distinctly reserved and as a general rule promptly exercised; further, the result of enforcement of such rights must not be unconscionable. See and compare *Scilly v. Bramer*, 170 Pa.Super. 276, 85 A.2d 592 (1952), and cases cited therein. The agreement under consideration in the instant case does not specifically state that any forfeiture will occur. While the lease does provide that the Appellants would be authorized to confess judgment for the recovery of possession of the demised premises if any of the terms of the lease were violated, the Appellants took no such action against the Appellee in the lower court. In view of all of these circumstances and the prevailing case law, as noted above, we cannot conclude that the lower court erred in its disposition of the case.

The order of the lower court is hereby affirmed.