497 A.2d 1384

**Leonard J. KALINA, Appellant,**

**v.**

**Melvin L. ECKERT and Mildred E. Eckert, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Decided Aug. 2, 1985.

Reargument Denied Oct. 9, 1985.

David C. Keiter, York, for appellant.

John D. Miller, Jr., York, for appellees.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

In this action in equity to enforce an agreement for the sale of real estate, the trial court entered a summary judgment in favor of the sellers. The buyer, the court held, had forfeited his rights under the agreement of sale because a formal mortgage commitment had been obtained two days after the date required by the agreement.[1] We reverse.

In determining whether summary judgment is proper, a court must examine the record in the light most favorable to the non-moving party, and all doubt must be resolved against the entry of such a judgment. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82, 468 A.2d 468, 470 (1983); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 140, 476 A.2d 928, 930 (1984); *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982).

Equity, it has been said, abhors a forfeiture and is greatly hesitant to enforce one. See: *Sgarlat v. Griffith*, 349 Pa. 42, 48, 36 A.2d 330, 333 (1944); *Shaw v. New Amsterdam Casualty Co.*, 310 Pa. 213, 216, 164 A. 916, 917 (1932); *Baldwin v. American Motor Sales Co.*, 309 Pa. 275, 280, 163 A. 507, 509 (1932); *Straup v. Times Herald*, 283 Pa.Super. 58, 68, 423 A.2d 713, 718 (1980); *Barraclough v. Atlantic Refining Co.*, 230 Pa.Super. 276, 281, 326 A.2d 477, 479 (1974). This is especially so where "the contract has been carried out or its literal fulfillment has been prevented by oversight or uncontrollable circumstances." *Barraclough v. Atlantic Refining Co., supra.* A forfeiture clause is enforceable, but only if it is expressed with clearness and certainty. *Sgarlat v. Griffith, supra; Baldwin v. American Motor Sales Co., supra.* Thus, a court must review the contract in its entirety, and a provision will not be construed to result in a forfeiture unless no other reasonable construction is possible. See: *Shipley v. Pitts-*

---

**1.** Appellant states the question on appeal as follows: "Is plaintiff, Leonard J. Kalina, entitled to specific performance of his contract to purchase real estate from defendants, Melvin and Mildred Eckert?".

*burgh & L.E.R. Co.,* 83 F.Supp. 722, 747 (W.D.Pa.1949); *Sgarlat v. Griffith, supra; Hild v. Dunn,* 310 Pa. 289, 293, 165 A. 228, 229–230 (1933).

The meaning of the maxim "equity abhors a forfeiture" is demonstrated by the facts of the instant case. On October 3, 1983, Leonard J. Kalina and Melvin and Mildred Eckert entered an agreement by the terms of which Kalina agreed to buy and the Eckerts agreed to sell real estate known as No. 108–112 Oak Street, York Township. The agreement contained a clause that "[t]his contract to be null and void if financing is not obtained on or before November 15, 1983, said time is hereby agreed to be the essence of this agreement." The buyer made an application for mortgage financing to First Federal Savings and Loan Association of Hanover on October 21, 1983. He was assured prior to November 15, 1983 that his application would be approved. He was told, however, that the Savings and Loan Association would require a new financial statement. The financial statement was supplied, and the Board of Directors, at a meeting on November 17, 1983, formally approved the loan application and issued a written, mortgage commitment. The sales agreement provided for settlement prior to November 30, 1983, and this time was also made of the essence. When the buyer heard nothing about the scheduling of final settlement, he made inquiry. He then learned for the first time that the sellers had taken the position that they were relieved of their contractual obligation because a formal mortgage commitment had not been issued prior to November 15. The buyer had not previously been notified that the sellers wished to avoid their agreement to sell, and he was ready, willing and able to hold final settlement within the time for closing established by the terms of the agreement.

The agreement of sale did not require a formal mortgage commitment by November 15, 1983. It required only that financing be obtained. The buyer in this case made prompt application for financing and received oral assurance prior to November 15 that financing would be made available to him to close the transaction. This was sufficient to prevent

224

a declaration of forfeiture without notice by the seller. See: *Session v. Yack*, 18 D. & C.2d 333 (C.P.Phila.1958) (informal approval met contract requirement that mortgage approval be obtained by a specific date).

The financing contingency in this agreement was for the benefit of the buyer. It allowed the buyer to escape his obligation to purchase the land if he could not obtain the necessary financing to close. The date for settlement, which was also made of the essence, provided assurance to the sellers that the property would not unduly be tied up by provisions of a sales agreement which the buyer could not consummate by final closing. In this case, the buyer was ready, willing and able to settle prior to the prescribed settlement date. Under these circumstances, the sellers should not have been permitted to avoid their contractual obligation to convey merely because of a nonprejudicial failure by the Savings and Loan Association to issue a formal, mortgage commitment on the precise day required by the agreement. It was sufficient compliance that the buyer had obtained timely assurance that financing would be available so that he could close the transaction within the time allowed therefor.

Reversed and remanded for further proceedings. Jurisdiction is not retained.