618 A.2d 450

Nick LIAZIS, Appellant,

v.

KOSTA, INC., Konstantinos Tantaros
and Barbara Tantaros, Appellees.

Nick LIAZIS, Appellant,

v.

Konstantinos TANTAROS and Barbara Tantaros,
and Kosta, Inc., Appellees.

Konstantinos TANTAROS, Barbara Tantaros
and Kosta, Inc., Appellees,

v.

Nick LIAZIS, Appellant.

Konstantinos TANTAROS and Barbara Tantaros, Appellees,

v.

Nick LIAZIS, Appellant.

Konstantinos TANTAROS, Barbara Tantaros
and Kosta, Inc., Appellants,

v.

Nick LIAZIS, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 1, 1992.

Filed Dec. 29, 1992.

James A. Cunningham, Pottstown, for Liazis.

John J. Miravich, Reading, for Kosta, Inc. and Tantaros.

Before CAVANAUGH, McEWEN and KELLY, JJ.

KELLY, Judge:

This appeal asks us to determine whether the trial court erred in denying Nick Liazis' petition to open and/or strike the confessed judgment enforced against him by Konstantinos Tantaros, Barbara Tantaros and Kosta, Inc. The dispute between the parties arose when Tantaros, the lessor and seller of a restaurant premises and real estate parcel, alleged that Liazis, the former lessee and former purchaser, failed to make the payments required by the lease/purchase agreement and otherwise violated the lease and agreement. Four separate actions arose from the dispute.[1] In denying Liazis' petition to

---

1. (1) *Liazis v. Tantaros*, 6095 Equity 1990: Liazis sued Tantaros seeking an injunction (ordering Tantaros to vacate the restaurant) and specific performance (ordering Tantaros to sell the premises to Liazis as agreed, including the small parcel of real estate on which the restaurant sits).

(2) *Tantaros v. Liazis*, 4882–90 AD: Tantaros sued Liazis seeking monetary damages for alleged breaches of the lease and agreement and a declaratory judgment that Liazis breached the lease and agreement. [Our disposition of this appeal preserves Tantaros' potential claim to monetary damages, as requested in his cross-appeal.]

(3) *Tantaros v. Liazis*, 4888–90 AD: Tantaros confessed judgment against Liazis pursuant to the lease and agreement for various breaches. Liazis filed a petition to open and/or strike confessed judgment.

open and/or strike the confessed judgment, the trial court dismissed the other actions as moot. On appeal, the only question is whether the trial court erred in finding that Liazis' petition failed to raise a meritorious defense and failed to set forth sufficient facts to support that defense. After a careful review of the record and the pertinent law, we find that Liazis' petition does allege *prima facie* grounds for relief. Accordingly, we reverse the order denying the petition to open the confessed judgment, reverse the orders dismissing the companion actions and remand all actions for further proceedings on a consolidated basis.

On April 3, 1981, Nick Liazis and Konstantinos Tantaros with Barbara Tantaros entered into a lease and purchase agreement involving a restaurant (premises, business and equipment). The lease included an option to purchase a parcel of real estate, a portion of an undivided larger tract owned by Tantaros to be subdivided at the end of the lease term. From April, 1981 to April, 1990, Liazis made the required monthly payments directly to Tantaros. Also, the lease required Liazis to pay one-half of the real estate taxes on the entire undivided tract directly to Tantaros. However, Tantaros did not, at all times, apprise Liazis of the exact amount due in real estate taxes. As a result, Liazis had to estimate the taxes due and then pay Tantaros accordingly.

Liazis avers that in May, 1990, he asked Tantaros for an accounting because Liazis was uncertain as to how much he had paid to Tantaros and how much he still owed on the lease/purchase agreement. According to Liazis, instead of an accounting, he received from Tantaros a notice of default on August 17, 1990. In the notice of default, Tantaros premised the default on Liazis' failure for several months to make rent, taxes and purchase payments due under the lease and pur-

(4) *Liazis v. Tantaros*, 717–91 AD: Liazis prevailed in a district justice judgment and appealed seeking additional monetary damages because of his removal from the restaurant. [The decision rendered by the district justice has no *res judicata*/collateral estoppel effect once the parties have appealed that judgment. Pa.R.C.P.D.J. § 1007 and Note, "... the court of common pleas on appeal can exercise its full jurisdiction and all parties will be free to treat the case as though it had never been before the district justice...."]

chase agreement.[2] Tantaros then declared the lease and purchase agreement to be null and void, demanding immediate and complete possession of the premises. Twelve days later, on August 29, 1990, Tantaros locked Liazis out of the restaurant.

Thereafter, Liazis promptly sought and received a temporary injunction, posting a court-ordered bond of $5,000.00, which remains with the court to date. Liazis and Tantaros then engaged in a convoluted series of court proceedings, discovery and appeals, culminating in the instant appeal from the denial of Liazis' petition to open and/or strike the confessed judgment and from the denial of Tantaros' cross-petition for monetary damages.

A petition to open a confessed judgment is an appeal to the court's equitable powers, within the court's sound discretion, and will not be disturbed absent an error of law or clear abuse of discretion. *M.N.C. Corp. v. Mount Lebanon Medical Center*, 510 Pa. 490, 494, 509 A.2d 1256, 1258 (1986); *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 506 Pa. 439, 443, 485 A.2d 1086, 1088 (1984); *Hanna v. Key Computer Systems, Inc.*, 386 Pa.Super. 8, 11, 562 A.2d 327, 328 (1989); *Sams Corp. v. Garin*, 352 Pa.Super. 105, 106–07, 507 A.2d 402, 403 (1986). Furthermore, in attempting to open a confessed judgment, the petitioner must act promptly, allege a meritorious defense, and provide enough evidence to support the defense to the extent of creating a jury issue. Pa.R.Civ.P. 2959; *Fountain Hill Millwork Bldg. v. Belzel*, 402 Pa.Super. 553, 557, 587 A.2d 757, 759 (1991); *Zarnecki v. Shepegi*, 367 Pa.Super. 230, 240–41, 532 A.2d 873, 878 (1987); *Pittsburgh Nat. Bank v. Larson*, 352 Pa.Super. 250, 253, 507 A.2d 867, 869 (1986). Instantly, the parties raise no questions as to the timeliness of the petition to open judgment. Hence, our attention is directed to determining whether the trial court erred in finding that Liazis'

2. In the later-filed landlord/tenant complaint, Tantaros declared a forfeiture by reason of nonpayment of rent, nonpayment of real estate taxes, failure to comply with zoning regulations, and failure to maintain premises in repair.

petition neither states a meritorious defense nor provides enough facts to require submission of those facts to a jury.

Pa.R.Civ.P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. *Continental Bank v. Axler*, 353 Pa.Super. 409, 414, 510 A.2d 726, 728 (1986); *Pawco v. Bergman Knitting Mills, Inc.*, 283 Pa.Super. 443, 454, 424 A.2d 891, 897 (1981). The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. *Id.* Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom. *Federman v. Pozsonyi*, 365 Pa.Super. 324, 329, 529 A.2d 530, 533 (1987), *citing Hamilton Bank v. Rulnick*, 327 Pa.Super. 133, 138, 475 A.2d 134, 137 (1984). The sufficiency standard, therefore, is identical to the standard employed in a directed verdict consideration. *Continental Bank, supra, citing Greenwood v. Kadoich*, 239 Pa.Super. 372, 376, 357 A.2d 604, 606 (1976).

Liazis contends that the trial court confined its review to the allegations of the petition to open judgment and ignored the pleadings, testimony, exhibits and answers, all of which were properly incorporated by reference therein. In his petition to open judgment, Liazis argues, he raised a meritorious defense and facts sufficient to create jury issues by incorporating by reference all pleadings, answers, and other matters of record from the companion cases. As such, Liazis concludes, the trial court's limited focus on the petition to open judgment constitutes an abuse of discretion. We agree.

Pa.R.C.P. 1019(g) provides:

Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record

whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

While a summary reference to another action is not enough to satisfy Rule 1019(g), "averments incorporated by reference from other pleadings have been held sufficient to support a defense raised in related proceedings." *Sams Corp., supra* 352 Pa.Super. at 108–09, 507 A.2d at 404. "It has also been held that a court may consider supplemental memoranda in considering whether a petitioner alleged a meritorious defense." *West Chester Plaza Assoc. v. Chester Engineers,* 319 Pa.Super. 196, 201–02, 465 A.2d 1297, 1299–1300 (1983) (citations omitted).

In his petition to open the confessed judgment, Liazis states in paragraph 5:

Defendant incorporates herein by reference as fully as though the same were here set forth at length his pleadings filed in actions between these parties in the Court of Common Pleas of Berks County, Pennsylvania at No. 6095 Equity 1990 and 4882–90 A.D., and in the event that this confessed judgment is stricken off or opened, defendant would file Answer, New Matter and Counterclaim, as more fully set forth and attached hereto and made a part hereof and marked Exhibit "A," the allegations of which are incorporated herein by reference as fully as though the same were here set forth at length.

Here, Liazis explicitly incorporated pleadings from the companion actions, thereby complying with the minimal requirements of Rule 1019(g). In so doing, Liazis expanded his petition by incorporating defenses raised and facts averred in those companion cases.

As grounds for opening the confessed judgment, Liazis states in his petition that (1) Tantaros induced Liazis to rely on Tantaros' representations that Liazis' payments and performance were sufficient and satisfactory; (2) Liazis was in substantial compliance with the terms of the lease/purchase

agreement; (3) if breaches of the lease/purchase agreement exist, these breaches are immaterial; (4) Liazis requested an accounting of Tantaros in May, 1990, Tantaros refusing to account, specify or document any deficiencies; (5) Liazis is, nevertheless, at all times, ready, willing and able to pay once the deficiencies are ascertained. Additionally, Liazis offered exhibits and depositions in support of his defenses regarding substantial performance on the lease/purchase agreement and Tantaros' acquiescence toward other apparently minor breaches, such as, conditions at the restaurant, its parking lot and the real estate tax deficiencies. Thus, we find that the trial court erred in confining its attention to the face of the petition and in failing to consider the record properly incorporated therein by reference.

Liazis asserts that he offered clear and convincing proof that the rental payments specified in the lease, the rental increases, his share of the real estate taxes, and the principal plus interest on the debt due for the restaurant were up-to-date when the August, 1990 lock-out occurred. In support, Liazis offers the testimony of his certified public accountant who audited the financial records, corroborating the fact that the checks paid to Tantaros were accepted and endorsed by him as well. The evidence includes the accountant's work papers, the supporting receipts, cancelled checks and stubs. In sum, Liazis' accountant testified that Tantaros accepted payments of over $365,000.00 which were deposited in Tantaros' personal bank account. This $365,000.00 represents over eighty-five percent of the total amounts owed to Tantaros under the lease/purchase agreement.

In his tenth and final year under the purchase agreement, Liazis sought to apply, to the principal owed, a $15,000.00 down payment Liazis had paid Tantaros, pursuant to paragraph 3(d) of the purchase agreement. Liazis suggests that applying the $15,000.00 verified payment to the principal balance effectively reduced his monthly payments due. As of the August, 1990 lock-out, Liazis avers, he was $200.00 ahead on his payments under the purchase agreement, lease, and

taxes owed. Thus, Liazis concludes, he has offered a meritorious defense to the allegedly delinquent payments.

To determine the intent of the contracting parties, we must look to the language contained in the written contract, *Rusiski v. Pribonic,* 511 Pa. 383, 390, 515 A.2d 507, 510 (1986), for the law assumes that the parties chose the language carefully. *PBS Coals, Inc. v. Burnham Coal Company,* 384 Pa.Super. 323, 328, 558 A.2d 562, 564 (1989). Judgment notes are subject to the same rules which apply to other written contracts. *Germantown Mfg. Co. v. Rawlinson,* 341 Pa.Super. 42, 47, 491 A.2d 138, 141 (1985). Fundamentally, every contract imposes upon the parties a duty of good faith and fair dealing in the performance and enforcement of the contract. *Id.* at 60, 491 A.2d at 148, citing the Restatement (Second) of Contracts § 205.

Paragraph 3(d) of the purchase agreement states that the additional $15,000.00 will be applied toward the balance due as shown in paragraph 3(b). Paragraph 3(b) states in pertinent part, "The balance of $185,000.00 shall be payable with interest at ten percent on the outstanding balance, in equal monthly installments of $2,444.90 over a ten year period. . . . " The judgment note, which Liazis signed, states in paragraph 1(b): "An additional Fifteen Thousand ($15,000.00) Dollars to be applied toward the principal balance is due by the Debtors to the Creditors prior to November 1, 1981." The purchase agreement sets forth no prepayment penalty nor any clause in actual conflict with Liazis' interpretation. On the contrary, paragraph 8 of the purchase agreement specifically states that Liazis has the right to prepay any and all of the balance due without penalty. Nowhere in the purchase agreement does it state that Liazis' payments must continue until March, 1991, as Tantaros argues. We find, therefore, that Liazis has presented a meritorious defense on the contract.

In addition, Liazis asked Tantaros for an accounting in order to determine amounts still outstanding on the debt as well as any deficiencies. Without the accounting, Liazis was left to conjecture or speculate on the outstanding debt. We, therefore, imply, as we did in *Rawlinson, supra,* the promise

on the part of Tantaros to act in good faith by setting forth an accounting for Liazis. We find that the absence of such an accounting also constitutes a meritorious defense to the confessed judgment.

■ In general, equitable defenses are no longer required to open a confessed judgment unless related to a particular defense raised by the petitioner. *Kardos v. Morris*, 470 Pa. 337, 341, 368 A.2d 657, 660 (1977); *Pittsburgh Nat'l Bank v. Larson*, 352 Pa.Super. 250, 253, 507 A.2d 867, 869 (1986); *West Chester Plaza Assoc. v. Chester Engineers*, 319 Pa.Super. 196, 199, 465 A.2d 1297, 1298 (1983). Equitable defenses, however, are applicable to actions in ejectment. *Kardos, supra, citing Wylie v. Mansley*, 132 Pa. 65, 18 A. 1092 (1890).

A defendant in ejectment, who occupies the position of a vendee, if he wishes to maintain his possession, puts himself in the position of a plaintiff in equity, and whatever would entitle him to a decree there, would be sufficient, certainly, to protect him in the ejectment by the vendor.

*Id., quoting Thompson v. McKinley's Administrator*, 47 Pa. 353, 355 (1864).

■ Both at law and in equity, forfeitures are strongly disfavored and strictly construed. *In re Estate of Fisher*, 442 Pa. 421, 276 A.2d 516 (1971); *Bilec v. Auburn & Associates, Inc. Pension Trust*, 403 Pa.Super. 176, 588 A.2d 538 (1991), *allocatur denied*, 528 Pa. 620, 597 A.2d 1150 (1991); *Kalina v. Eckert*, 345 Pa.Super. 220, 497 A.2d 1384 (1985); *Williams v. Vesley*, 290 Pa.Super. 192, 434 A.2d 196 (1981). Our court seeks to avoid forfeitures particularly where there has been considerable part performance. *Bedillion v. W.A. Wilson Stave Co., Inc.*, 271 Pa.Super. 292, 296, 413 A.2d 411, 413 (1979).

Courts developed the equitable doctrine of substantial performance as an instrument of justice designed to avoid forfeiture because of technical, inadvertent or unimportant omissions. *First Mortg. Co. v. Pennsylvania v. Carter*, 306 Pa.Super. 498, 502, 452 A.2d 835, 837 (1982). "Absent a willful omission, a question of substantial performance is one for the

jury, not the court." *West Dev. Group v. Horizon Financial,* 405 Pa.Super. 190, 200, 592 A.2d 72, 77 (1991) (citations omitted).

Instantly, the record reveals verified payments in excess of $365,000.00 to Tantaros for rent, taxes, and purchase installments. Liazis asserts that the deficiencies, if any, were caused by Tantaros' failure to properly inform Liazis of how much Liazis owed. Moreover, Tantaros apparently accepted Liazis' tax payments without complaint. Liazis states, however, that he was always ready, willing, and able to perform once he received an accounting from Tantaros. Liazis also contends that he kept the premises in good repair. Any deviations, he argues, were due to normal wear, weather conditions, feasibility of repair and timing. In his behalf, Liazis offered the corroborating statements of a sales-person who regularly visited the restaurant. Furthermore, Liazis was operating the business under a current restaurant license. Under these circumstances, we find that Liazis presented a meritorious defense of substantial performance with facts sufficient to carry his burden under Pa.R.C.P. 2959.

Finally, Liazis challenges the propriety of the trial court's consideration of two statements, one by Veronica Crum, a former restaurant employee, and one by Tantaros, both of which Tantaros made part of his supplemental record. The objectionable material contained additional charges of health code and criminal violations with respect to Liazis' alleged use of alcohol and drugs. Liazis contends that these allegations were never made part of any pleading or responsive pleading. Tantaros raised these issues for the first time in his brief in opposition to the petition to open, attaching thereto the objectionable affidavits. Taken without notice to Liazis or an opportunity to cross-examine, these exhibits constitute improper evidence. As such, Liazis concludes, the trial court erred in considering this evidence. We agree.

The standard of Pa.R.C.P. 2959 requires the trial court to determine the sufficiency of facts averred by Liazis and to reject all contrary evidence. Thus, the trial court erred because it considered the additional allegations raised in Tan-

taros' affidavits. The trial court erred (1) by allowing Tantaros to effectively amend his pleadings in this manner and then (2) by faulting Liazis for presenting insufficient evidence to directly refute the added allegations. We believe that the trial court failed to adhere to the standard or to serve the purpose of Pa.R.C.P. 2959, thereby placing Liazis in a no-win situation.

It is, therefore, evident that the record before the trial court contained meritorious defenses with sufficient facts to support those defenses. Liazis presented both legal and equitable defenses which, we hold, the trial court failed to properly consider. Accordingly, we reverse the order denying Liazis' petition to open the confessed judgment. We also reverse the orders dismissing the companion actions, and remand all actions for trial on a consolidated basis. Jurisdiction relinquished.