**EMPIRE SANITARY LANDFILL, INC., Appellant,**

v.

**RIVERSIDE SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1999.
Decided Oct. 20, 1999.

Thomas R. Daniels, Scranton, for appellant.

Frank T. Blasi, Scranton, for appellee.

Before COLINS, J., KELLEY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Empire Sanitary Landfill, Inc. (Empire) appeals from the July 9, 1998 order of the Court of Common Pleas of Lackawanna County (trial court) that denied Empire's petition seeking a rule to show cause why the March 23, 1995 Stipulation and Agreement (Agreement) between Empire and the Riverside School District (District) should not be declared null, void and unenforceable, granted the District's petition for special relief and directed Empire to make payment of waste disposal fee payments it had withheld from October 17, 1997 to the present. For the reasons that follow, we affirm.

Empire has operated a municipal solid waste landfill facility within a portion of the District since 1987.[1] On May 13, 1987, the District enacted a waste disposal tax to be assessed on a per ton basis, on solid waste disposed of within the District. Empire subsequently filed a declaratory judgment action seeking to set aside the tax. On March 25, 1993, before the matter came to trial, Empire and the District were able to reach an amicable resolution.

On April 3, 1993, the trial court recognized the Agreement entered into by the parties that established a waste disposal "fee" to be paid by Empire to the District instead of a waste disposal "tax." Paragraph III.A of the Agreement provided:

*Additional Waste Disposal Taxes or Other Payments*

---

1. Empire, a corporation, now does business under the name Alliance Landfill.

The Waste Disposal Fee, paid pursuant to this Agreement in lieu of the Waste Disposal Tax, is also paid in lieu of any other tax, fee, excise or assessment *based on the disposal of waste,* which is for the benefit of Riverside. (Emphasis added).

Agreement, p. 3; R.R. 12a.

On January 14 and March 2, 1994, Empire transferred real property by recorded declarations of easement to the Pasaaic County Utilities Authority (Pasaaic) and the Union County Utilities Authority (Union), two New Jersey municipal authorities. The declarations of easement essentially granted Pasaaic and Union the right to dispose of solid waste in Empire's landfill. At the time of the transfers, Empire paid a real property transfer tax of $250.00 for each transfer.

On October 16, 1997, the District filed municipal claim liens against Empire, Pasaaic and Union for the assessment of a real property transfer tax based upon the actual value of the transferred land.[2] On January 8, 1998, Empire notified the District that it was withholding all payments under the Agreement effective October 16, 1997.

In addition, Empire filed in the trial court a petition seeking a rule to show cause why the Agreement should not be declared null and void because of the District's attempt to impose a real property transfer tax. Conversely, the District filed a petition for special relief alleging that Empire unilaterally and unlawfully suspended its waste disposal payments effective October 16, 1997, in violation of the terms of the Agreement.

The trial court rejected Empire's argument that the real property transfer tax at issue is, in reality, a tax based upon the disposal of waste because the amount of the transfer tax assessed by the District is based upon the anticipated revenues generated by the disposal of waste at the landfill by Pasaaic and Union. The trial court determined that the District's municipal claim/liens were based upon the value of the property transfer and not upon revenues received for waste disposal.

Consequently, the trial court (1) denied Empire's petition seeking to have the Agreement declared null, void and unenforceable; and (2) granted the District's petition for special relief and directed Empire to make payment of the waste disposal fees it had withheld from October 16, 1997 to the present, together with interest. Empire appealed to this Court.

Empire presents three issues for our review. First, Empire contends that the trial court erred in failing to recognize that the District's assessment of the real property transfer tax claimed under the municipal claim/liens ran contrary to the express terms of Paragraph III.A of the Agreement. Second, Empire contends that the municipal claim/liens, which were calculated based upon revenues to be generated from the amount of waste to be disposed of at the facility by Pasaaic and Union, constitute a material breach of the Agreement. Third, Empire contends that the District's material breach of the contract releases Empire as a matter of law from further compliance with the payment provisions of the Agreement.

Empire's first argument is that the trial court failed to recognize that the District's assessment of the real property transfer tax violated Paragraph III.A of the Agreement in that the tax was assessed solely and exclusively upon the amount of waste to be placed for disposal at the landfill. Empire maintains that by agreeing to Paragraph III.A of the Agreement, the District bargained for a consistent payment plan without any other payments based upon the volume of waste deposited at the landfill. In short, in view of Paragraph III.A, Empire

---

**2.** The District's municipal claim/liens indicated that as of September 29, 1997, the determined value of the property was $265,197,-500.00. *See* Municipal Claim/Liens; R.R. 17–34a.

claims that it is contractually relieved from paying the transfer tax because said tax has been calculated and assessed based upon the amount of waste disposed of at the landfill.

■■■ A contract must be construed according to the meaning of its language. *Grant v. Southwestern Pennsylvania Water Auth.*, 144 Pa.Cmwlth. 638, 601 A.2d 1359 (1992). "The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties." *Sun Co., Inc. (R & M) v. Pennsylvania Turnpike Commission,* 708 A.2d 875, 878 (Pa.Cmwlth.1998). "The intention of the parties must be ascertained from the document itself, if its terms are clear and unambiguous." *Id.* The Court's inquiry should focus on what the agreement itself expressed and not on what the parties may have silently intended. *Delaware County v. Delaware County Prison Employees Independent Union,* 552 Pa. 184, 713 A.2d 1135 (1998). "It is not proper, under the guise of construction, to alter the terms to which the parties, whether in wisdom or folly, expressly agreed." *Id.* at 190, 713 A.2d at 1138. The law assumes that the parties chose the language of their contract carefully. *Liazis v. Kosta, Inc.,* 421 Pa.Super. 502, 618 A.2d 450 (1992).

■■■ Empire contends that it bargained for and obtained a written, concise and clear commitment from the District that in turn for the payment of the waste disposal fee, the District would not thereafter impose "any other tax, fee, excise or assessment" based upon the disposal of waste at the subject landfill. Empire claims that despite the District's promise not to impose such a tax, it did exactly that on October 16, 1997 when it filed the municipal claim/liens against Empire's real property.

Furthermore, Empire maintains that it is not taking the position that the District cannot impose a real property transfer tax upon the real property conveyed. Rather, Empire argues that pursuant to the clear and unambiguous language of Paragraph III.A of the Agreement, the District may not impose a real property transfer tax based upon the amount of waste to be disposed of at the landfill.

The trial court rejected Empire's position, noting that the intention of the parties, as reflected by the language Paragraph III.A, was to resolve the issue as to whether a tax should be imposed based upon the disposal of waste within the District. As the trial court noted: "Nowhere in the agreement is it stated, implied, or hinted at that the waste disposal fee agreed to by the parties was to take the place of any other tax not involving waste disposal, such as the realty transfer tax." Trial Court's Opinion, p. 5; R.R. 149a.

In addressing Empire's argument, the trial court further stated:

> While Empire makes the innovative argument that the real estate transfer tax in this instance is indeed a tax based upon the disposal of waste, because the amount of the realty transfer tax assessed by Riverside is based solely on the amount of revenues the School District anticipated that Empire/Alliance would generate by the disposal of waste in its landfill facilities by the two New Jersey companies, this assertion fails in the face of reason. *Riverside's municipal claim is based upon the value of a property transfer and not the revenues received from waste disposal ....* As the School District points out, if we were to find Empire's interpretation of the agreement to be plausible, then Empire could sell the total of its massive property holdings in the District and not have to pay any realty transfer tax because the value of the property would be loosely based on the disposal of waste and consequently tax-free. In no way does the pact between the parties support Empire's far-reaching contention, and therefore the Court will not declare the

agreement and stipulation to be null, void and unenforceable.

*Id.* at 5–6; R.R. 149–150a.

This Court agrees with the trial court. As indicated by Paragraph III.A, the parties agreed that the waste disposal fee paid by Empire to the District was in lieu of *any other tax based upon the disposal of waste.* As aptly noted by the trial court, the real property transfer tax imposed by the District is not a tax based upon the *disposal of waste,* but rather is a tax based upon the *value of real property* transferred.

In *Department of Transportation v. Mosites Constr. Co.,* 90 Pa.Cmwlth. 33, 494 A.2d 41, 43 (1985), the Court recognized that for the purposes of determining the intent of parties to a contract, the maxim *expressio unius est exclusio alterius* is applicable and that it "translates into the proposition that the mention of particular items implies the purposeful exclusion of other items of the same general character." Here, as indicated by Paragraph III.A of the Agreement, Empire's payment of the waste disposal fee was to be in lieu of *any other tax based upon the disposal of waste.* Nothing in the Agreement stated that the waste disposal fee would be paid in lieu of any other or all other taxes. Therefore, by the parties' failure to mention in the Agreement that the waste disposal fee was to be paid in lieu of any other tax, this Court does not believe that the parties intended the waste disposal fee to be paid in lieu of any tax other than the above-mentioned tax on waste disposal.

Moreover, as noted above herein, Empire does not argue that the District could not impose a real property transfer tax. In fact, Empire paid a nominal fee of $250 per transfer as a real property transfer tax. Rather, Empire argues that Paragraph III.A prohibits the District from considering future waste disposal in determining the value of the property.

To the contrary, the District contends that nothing in the Agreement exempts a *valuation of the real property* based upon the disposal of waste. We agree.

■ As the trial court noted, it is Empire's position that pursuant to the Agreement, the District cannot *value* Empire's *real property* by taking into consideration its use for waste disposal. This Court believes that such an interpretation of the Agreement is clearly unreasonable. Under that interpretation, any tax, fee, excise or assessment imposed by the District that would consider the value of Empire's real property would be prohibited because it would essentially touch upon the property's use for waste disposal. In *Grant,* the Court recognized that in determining the intent of the parties, it must "adopt an interpretation which delineates the most logical, reasonable, probable and natural conduct of the parties." 601 A.2d at 1361.

■ In the instant case, we do not believe that Paragraph III.A reflects the intention of the parties, upon entering into the Agreement, to exclude the District from taking into consideration waste disposal in determining the *value* of Empire's real property. A much more reasonable interpretation of Paragraph III.A is that the parties intended the waste disposal fee solely to be an alternative to a *waste disposal tax.* Nothing in the Agreement prohibits the District's *valuation* of Empire's real property for purposes of a realty transfer tax based upon the fact that said property is being used for waste disposal. Were the Court to agree with Empire and interpret the Agreement otherwise, Empire's real estate would essentially be rendered tax-free for all purposes. It is well settled that before a court may interpret a contract in such a way as to reach an absurd result, it must endeavor to reach an interpretation that is reasonable in light of the parties' intentions. *Pocono Manor Ass'n v. Allen,* 337 Pa. 442, 12 A.2d 32 (1940).

In view of the foregoing, this Court concludes that the trial court did nor err in interpreting Paragraph III.A of the Agree-

ment to indicate that the parties intended that the waste disposal fee mentioned was to be paid in lieu of a waste disposal tax only. The Court further concludes that Paragraph III.A does not prohibit the District from either assessing a real property transfer tax upon Empire's transfer of real property or considering future waste disposal in its valuation of Empire's real property for purposes of a real property transfer tax.

Having determined that the District did not violate Paragraph III.A of the Agreement by filing two municipal claim/liens to collect the real property transfer taxes it had assessed against Empire because said tax is not a tax *based upon the disposal of waste*, this Court concludes that the District did not breach the Agreement as claimed by Empire. As a result, this Court need not address Empire's remaining two arguments: that the District's filing of the municipal claim/liens constituted a material breach of the Agreement and that the District's material breach of the Agreement released Empire from compliance with the payment provisions of the Agreement.

Therefore, the Court concludes that the trial court did not err or abuse its discretion in either denying Empire's petition seeking to have the Agreement declared null, void and unenforceable or in granting the District's petition for special relief and directing Empire to pay the waste disposal fees it had withheld from October 17, 1997, with the appropriate interest. Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of October, 1999, the July 9, 1998 order of the Court of Common Pleas of Lackawanna County is hereby affirmed.